Joseph R. Oliver, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Pennsylvania Board of Psychologist Examiners, Respondent.

Argued June 8, 1979, before President Judge Bowman and Judges Blatt and DiSalle, sitting as a panel of three.

*Jeffrey A. Ernico,* for appellant.

*Robert M. Sitoski,* with him *Lenora M. Smith,* Assistant Attorney General, and *Edward L. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE DiSALLE, August 21, 1979:

Joseph R. Oliver (Petitioner) asks us to review the adjudication and order of the State Board of Psychologist Examiners (Board) which denied his application for a license filed pursuant to the Act of March 23, 1972 (Act), P.L. 136, *as amended,* 63 P.S. §1201 et seq.

The Board first notified Petitioner of this denial by letter dated November 21, 1973. Petitioner thereafter appealed the decision. On April 23, 1974, he attended an informal interview before the Board and, on June 14, 1974, the Board sustained its initial decision denying him a license. Petitioner then requested a formal administrative hearing. This hearing took place on August 9, 1974. The case was continued, however, in order to enable Petitioner to present further evidence. After numerous continuances had been granted Petitioner, the Board finally refused to grant another continuance, when, on November 17, 1977, Petitioner failed to appear at the scheduled time for the hearing. It then rendered the order and adjudication from which Petitioner now appeals.

In challenging the Board's determination, Petitioner advances several instances of error. Chief among these is the claim that the Assistant Attorney General impermissibly commingled prosecutorial and adjudicative functions, thereby violating his constitutional rights. A thorough review of the transcript of the August 9, 1974 hearing, however, reveals not one iota of support for Petitioner's position. It is clear that the Assistant Attorney General acted solely as prosecutor, and not as counsel or advisor to the Board. We conclude that the actions of the Assistant Attorney General were consistent with his role as prosecutor and that no infringement of Petitioner's constitutional rights occurred.

Petitioner next contends that the Act itself violates his constitutional right to due process of law, that is, to engage in the occupation of psychologist. There is no vested right to practice psychology; rather, it is a conditional right subject to the police power of the state to protect and preserve the public health. *Watson v. Maryland*, 218 U.S. 173 (1909); *Reisinger v. State Board of Medical Education and Licensure*, 41 Pa. Commonwealth Ct. 553, 399 A.2d 1160 (1979). So long as the requirements relating to learning, skill and examination bear a direct, substantial, and reasonable relationship to the practice of psychology, the state may set reasonable standards for determining qualifications of those who hold themselves out as psychologists and may also grant to an administrative body the authority to enforce these standards. *Reisinger, supra*. We believe that the standards set forth in the Act do indeed bear a reasonable relationship to the practice of psychology and do not violate Petitioner's right to practice his profession.

Finally, Petitioner asserts that the Board's findings of fact are not supported by substantial evidence. The gravamen of this assertion appears to be predi-

198

cated upon Petitioner's claim that he has been performing the duties of a psychologist for the past 25 years, and therefore is entitled to be licensed as such today. Aside from the Board's finding that Petitioner has held himself out as an industrial or management consultant, and, by necessary implication, not as a psychologist, for that period of time, the major flaw in this argument is that he lacks the requisite education as a licensed psychologist. Petitioner holds a Master of Arts in Teaching from Antioch College. The registrar of that College, in response to interrogatories, indicated that this degree is in no way equivalent to its Master of Arts in Psychology degree. It is clear that the Board's findings are supported by substantial evidence and are sufficiently explicit and complete to warrant its denial of his application.

Accordingly, we affirm.

. ORDER

AND Now, this 21st day of August, 1979, the order of the State Board of Psychologist Examiners dated April 24, 1978, denying the application of Joseph R. Oliver to obtain a license as a psychologist, is hereby affirmed.