408 A.2d 844

**In the Matter of Appeal of James Welton FERRIMAN from the Decision of the Pennsylvania Board of Law Examiners.**

Supreme Court of Pennsylvania.

Oct. 10, 1979.

See also, In the Matter of Appeal of Kartorie, 486 Pa. 500, 406 A.2d 746.

46

Susan L. Anderson, Philadelphia, for respondent.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

PER CURIAM.

Petition is denied.

ROBERTS, J., filed a statement in support of the Order denying petition.

MANDERINO, J., filed a dissenting opinion in which LARSEN and FLAHERTY, JJ., join.

ROBERTS, Justice.

I write to record total approval of the actions of the Board of Law Examiners and this Court in denying the application of James W. Ferriman for admission to our Bar and denying his appeal because the application fails to comply with Pa.B.A.R. 204.* The appeal here, as in the case of Ms. Helen Babula Kartorie, is meritless and frivolous. A more complete expression of my views is found in my statement concerning *In the Matter of Appeal of Kartorie,* 486 Pa. 500, 406 A.2d 746 (1979).

Petitioner James W. Ferriman applied for admission to the Pennsylvania Bar on motion under Pa.B.A.R. 204. The Pennsylvania Board of Law Examiners denied the application because Mr. Ferriman did not satisfy Rule 204's requirement of graduation from a law school accredited by the American Bar Association. The record discloses that petitioner attended an unaccredited law school in Ohio from

---

* The order of denial is joined by Chief Justice Eagen, Justice O'Brien, Justice Nix and the writer.

January 1946 to June 1949. The law school was not accredited by the A.B.A. until 1957. Petitioner has appealed to this Court requesting admission to the Bar without examination, although he did not graduate from an A.B.A. accredited law school as required by Rule 204. Consistent with Pennsylvania's sound legal educational requirements embodied in Rule 204, and this Court's adherence to Rule 204 without deviation or exception, this appeal is properly denied.

MANDERINO, Justice, dissenting.

I dissent. This Court once again blindly adheres to a rule which denies an attorney admission to the Pennsylvania Bar because that attorney did not graduate from an ABA accredited law school. The inequities of such an unconstitutional rule continue not only to deprive citizens the opportunity to practice in Pennsylvania but also deprive Pennsylvania consumers of competent legal services. See *Appeal of Donald S. Brooks* (Filed October 6, 1978) (Manderino, J., dissenting opinion joined by Larsen, J.); *Appeal of Murphy,* 482 Pa. 43, 393 A.2d 369 (1978) (Manderino, J., dissenting opinion joined by Larsen, J.) appeal dismissed and *cert. denied sub nom. Murphy v. Pennsylvania State Board of Bar Examiners,* 440 U.S. 901, 99 S.Ct. 1204, 59 L.Ed.2d 449 (1979); *In Re: Pennsylvania Bar Admission Rules,* 480 Pa. XXIX, 393 A.2d CVIII (Manderino, J., dissenting opinion). One need only review the qualifications of petitioner, James W. Ferriman, in order to demonstrate the inequities of Pennsylvania's rule on accreditation.

Petitioner studied law at Cleveland-Marshall Law School where he graduated magna cum laude, ranked first in class of 61. Cleveland-Marshall Law School was not accredited by the American Bar Association at the time petitioner graduated. Petitioner successfully completed the Ohio Bar Examination in August of 1949. Appellant was also admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Third Circuit and before

the United States District Court for the Eastern District of Pennsylvania. Although petitioner can practice in the federal courts in Pennsylvania, he cannot practice before the state courts in Pennsylvania because he graduated from a law school not "accredited" by the American Bar Association.

Ironically, petitioner was elected and is presently serving as Chairman of the Insurance, Negligence, and Compensation Law Section of the American Bar Association. Ferriman is employed as Executive Vice-President and General Counsel of the Life Insurance Company of North America where he supervises 120 lawyers in 23 different locations.

This Court, however, justifies its refusal to grant petitioners like Ferriman relief because "ABA approval is essential." *Appeal of Murphy,* 482 Pa. at 48, 393 A.2d at 372. Unfortunately, this Court fails to perceive that by attending a law school not "accredited" by the ABA, petitioner is not any less competent to practice state law in the state courts of Pennsylvania: he is already eligible to practice in the federal courts of Pennsylvania on cases involving issues of Pennsylvania law.

LARSEN and FLAHERTY, JJ., join in this dissenting opinion.