Gregg M. Corsello, D.M.D., Petitioner *v.* Commonwealth of Pennsylvania, State Dental Council and Examining Board, Respondent.

Argued March 2, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Robert I. Grigsby*, with him *Scott E. Becker* and *Alan S. Baum, Thomson, Rhodes & Grigsby*, for petitioner.

*David J. Felicio,* Assistant Counsel, with him *Edward D. Frank, II,* Chief Counsel, *David F. Phifer,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 9, 1983:

Gregg M. Corsello, D.M.D. (petitioner) appeals here from an order of the Pennsylvania State Dental Council and Examining Board (Board) which denied his request for special relief in the form of a grant of licensure to practice dentistry in the Commonwealth of Pennsylvania.

Board regulations provide that "to secure a license to practice dentistry, a person shall sequentially pass a written (National Boards) examination, a clinical (Northeast Regional Board) examination, and a Pennsylvania Dental Law Examination."[1] The petitioner successfully passed the first, but, after three attempts, failed to pass the sequel. He then requested the Board to waive its requirement for successful completion of the clinical examination.[2] The Board's denial of this request is presently before us.

The petitioner argues that the Board abused its discretion.[3] He contends that, inasmuch as his failure on each occasion was based on a different reason, the

[1] Section 3(e) of The Dental Law, Act of May 1, 1933, P.L. 216, *as amended,* 63 P.S. §122.

[2] The clinical examination tests an applicant's ability to perform basic dental procedures on a patient and includes a prosthodontics, periodontics, and restorative portion. The petitioner successfully completed the first two portions of the clinical exam, but has never passed the restorative portion.

[3] The petitioner raises an additional issue which involves a constitutional challenge to the Board's procedures, but which was not raised before the Board. The petitioner argues that we should decide this new issue on the merits because the Board would not have had the legal expertise to decide a constitutional issue. It is clear, however, that "a party may not raise upon appeal any other

Board should have considered these three examinations "cumulatively" and held that his allegedly substantial compliance justifies the waiver he now seeks.

The Board argues that the petitioner has failed to complete the clinical examination successfully, and that, inasmuch as this requirement is a reasonable requirement for those seeking licensure in the Commonwealth, it may require the petitioner to fulfill this requirement before granting him licensure. *See Reisinger v. State Board of Medical Education and Licensure*, 41 Pa. Commonwealth Ct. 553, 399 A.2d 1160 (1979); *Oliver v. Pennsylvania Board of Psychologists Examiners*, 45 Pa. Commonwealth Ct. 195, 404 A.2d 1386 (1979). We agree.

There is no doubt that the petitioner has failed to complete the restorative portion of the clinical examination successfully. This clearly has a substantial and reasonable relationship to his ability to practice dentistry successfully, and is a prerequisite to obtaining licensure in this Commonwealth.

We believe, therefore, that the Board did not commit any error of law[4] or abuse of discretion in refusing to waive this requirement. *Reisinger*.

We will affirm the order of the Board.

ORDER

AND Now, this 9th day of June, 1983, the order of the State Dental Council and Examining Board in the above-captioned matter is hereby affirmed.

---

question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such questions). . . ." Section 703 of the Administrative Agency Law, 2 Pa. C. S. §703.

[4] Our scope of review here is limited to a determination of whether or not constitutional rights were violated, and whether or not the adjudication was in accordance with the law and supported by substantial evidence. *Reisinger*.