State College Manor Ltd., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 9, 1985, before Judges Doyle and Colins, and Senior Judge Barbieri, sitting as a panel of three.

*Charles O. Barto, Jr.,* for petitioner.

*William D. Lenahan,* Assistant Counsel, for respondent.

Opinion by Senior Judge Barbieri, September 25, 1985:

State College Manor (SCM) appeals here the order of the Department of Public Welfare's (DPW) Office of Hearings and Appeals adopting the recommendation of the hearing officer denying SCM's appeal from the decision of the Office of Medical

Assistance which denied payment for medical assistance services rendered by SCM because correctly completed invoices were not submitted to the Department within 180 days of the date of service.

State College Manor is a facility which provides skilled and intermediate nursing care to appproximately 173 patients. During the period from June, 1982 to December, 1982, SCM provided services to patients eligible under medicaid in the approximate amount of $85,000.00. Invoices for services rendered, some new and some resubmitted, were rejected and payment was denied as the invoices had not been submitted within the requisite 180 days from date of service.

Section 1101.68 of the Medical Assistance Manual, 55 Pa. Code §1101.68, provides:

(a) Providers shall use the invoices specified by the Department or its agents when billing for Medical Assistance services or items. Providers shall submit the invoices within six months after the delivery of the services or items. Invoices that have not been completed according to specified instructions or that lack any required documentation will be rejected by the Department. In the event that an invoice is rejected by the Department, a remittance advice will be sent to the provider explaining the reason for the rejection. The provider may submit a correct invoice for payment.

(b) Any invoices submitted after the six-month period will be rejected absolutely unless:

(1) A recipient eligibility determination that was required to be made by a CAO was delayed for 30 days or longer; or

(2) Payment is being requested from a third party resource.

SCM's delay in billing DPW was caused by the gross negligence of its bookkeeper. The hearing officer, whose decision was adopted by the Office of Hearings and Appeals, stated that since SCM's reason for delay did not fit within either of the exceptions provided in the regulation, the appeal must be denied.

SCM requested that the Secretary of DPW reconsider the Office of Hearings and Appeals' decision. The Secretary refused the request after SCM's petition for review had been filed with this Court.

On appeal to this Court, SCM argues that DPW's regulation, 55 Pa. Code §1101.68, is unreasonable as applied to the facts in this case and the six-month deadline, more stringent than the federal regulation, 42 C.F.R. §447.45(d)(1) (1978), which requires providers to submit claims within one year of the provision of services, is not justified by DPW's administrative interest. SCM asserts that the regulation is additionally flawed because it fails to distinguish between claims which were initially filed after the six-month deadline and those which were timely submitted, subsequently rejected because not completed according to specified instructions and then resubmitted.

SCM also argues that, under principles of substantial performance, DPW should not be relieved of its obligation to pay SCM for patient care undisputedly provided and that the equities of this case require that the six-month period not be strictly enforced.

It is well-established that duly authorized and promulgated regulations of an administrative agency have the force of law and are binding on the agency. *Newport Homes v. Kassab,* 17 Pa. Commonwealth Ct. 317, 332 A.2d 568 (1975). Furthermore, the establishment of these regulations involves agency discretion, and the court will not disturb administrative discretion in

the absence of fraud, bad faith or abuse of power. *Travis v. Department of Public Welfare,* 2 Pa. Commonwealth Ct. 110, 277 A.2d 171 (1971), *aff'd* 445 Pa. 622, 284 A.2d 727 (1971). The scope of review of an administrative regulation is therefore limited to a determination of whether there has been a clear abuse of discretion or a clearly arbitrary action. *Savko v. Department of Public Welfare,* 47 Pa. Commonwealth Ct. 168, 407 A.2d 152 (1979).

Clearly, there has been no arbitrary action on the part of DPW in the instant case. The stringent six-month time limitation of the regulation of which SCM complains was intended to and does benefit providers: it assures prompt payment to providers and protects providers from payment denials due to circumstances beyond the providers' control. While we note that 55 Pa. Code §1101.68 does not distinguish between newly submitted invoices and resubmitted invoices and categorically denies payment of all invoices submitted after the six-month deadline, we do not believe that the DPW, in failing to so distinguish, has exhibited the requisite bad faith or abuse of power which would permit this court to disturb the agency's regulation. That SCM incurred pecuniary loss upon application of the regulation in this instance is not due to any arbitrary action of DPW's; rather, SCM incurred the loss due to the extreme negligence of its employee for which SCM must take responsibility. That DPW has applied the plain wording of its regulation to necessitate that payment be denied does not make that application either unreasonable or arbitrary; nor does SCM's failure to timely submit invoices for services provided make application of the regulation unreasonable or arbitrary.

SCM next contends that the principle of substantial performance should prevent forfeiture by SCM of the cost of the health care services provided by SCM.

The equitable doctrine of substantial performance developed in contract law for the protection and relief of those who have faithfully and honestly endeavored to perform their contract in all material and substantial particulars, so that their right to compensation would not be forfeited by reason of merely technical, inadvertent or unimportant omissions or defects. *See Sgarlat v. Griffith*, 349 Pa. 42, 36 A.2d 330 (1944). In *Department of Public Welfare v. Dauphin County Social Services*, 90 Pa. Commonwealth Ct. 295, 495 A.2d 214 (1985), we permitted recovery by Dauphin County of additional monies expended by Dauphin County for day care services it had contracted with DPW to provide despite the fact the request for reimbursement was submitted after the contract term had expired and in a second adjusted final invoice. DPW had refused to reimburse Dauphin County on the grounds that reimbursement would require reallocation of funds among budget categories expressly prohibited by contract after the end of the third quarter of the contract.

We permitted reimbursement stating that Dauphin County's failure to request a budget reallocation not later than the last day of the third quarter of the contract was trivial and innocent and that when Dauphin County discovered the omission in its initial final invoice, it immediately notified DPW and sent a new final invoice well within the sixty day period required by contract for submission of the final invoice.

We believe the instant case may be distinguished from *Department of Public Welfare v. Dauphin County Social Services* on both law and facts. Factually, this case differs from *Department of Public Welfare v. Dauphin County Social Services* in that SCM's omission in failing to submit invoices was not technical, inadvertent or unimportant. Also, the

equitable doctrine of substantial performance may excuse unimportant omissions with regard to the terms or requirements of a contract between two parties; the doctrine of substantial performance will not excuse, however, failures of omission, important or otherwise, with regard to the requirements of a substantive regulation having the force and effect of law. Strict compliance with the requirements of statute and of the regulations duly promulgated in accordance therewith is mandatory; substantial compliance is insufficient. In *Snizaski v. Zaleski*, 410 Pa. 548, 189 A.2d 284 (1963), our Supreme Court denied the appellants, former policemen and firemen, civil service protection as their original appointment had not been in conformity with the civil service code and duly promulgated regulations. In *Royal McBee Corporation Tax Case*, 393 Pa. 477, 143 A.2d 393 (1958), our Supreme Court refused a taxpayer a refund for mercantile license taxes erroneously paid because it had failed to make payment under protest as required by the city's ordinance and pertinent regulations both promulgated in accordance with the existing law. In *Corsello v. State Dental Council and Examining Board*, 75 Pa. Commonwealth Ct. 15, 460 A.2d 1226 (1983), this Court rejected the petitioner's argument that his substantial compliance with board regulations governing procedure for securing a license to practice dentistry justified his requested waiver from those requirements.

Strict compliance with Section 1101.68 of Title 55 of the Pennsylvania Code is essential in this case, as well, where disbursement of public funds is at issue. The United States Supreme Court in *Heckler v. Community Health Services of Crawford*, U.S. , 104 S. Ct. 2218 (1984) advised:

Justice HOLMES wrote: 'Men must turn square corners when they deal with the Government.' Rock Island, A. & L. R. Co. v. United States, 254 U.S. 141, 143, 41 S. Ct. 55, 56, 65 L.Ed. 188 (1920). This observation has its greatest force when a private party seeks to spend the Government's money. Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of law; respondents could expect no less than to be held to the most demanding standards in its quest for public funds. U.S. at , 104 S. Ct. at 2225.

That SCM provided medical assistance services will not justify waiver of the regulatory requirement that invoices for those services be submitted within 180 days. SCM's substantial performance argument must fail.

SCM argues finally that the equities of the situation demand that SCM be exempted from the requirements of the regulation and cites case law from foreign jurisdictions in support of this contention. We believe SCM's final argument is simply a restatement of its prior arguments and, therefore, we will not address it. The decision of DPW's Office of Hearings and Appeals, affirmed by the Secretary of DPW, will be affirmed.

ORDER

Now, this 25th day of September, 1985, the order of the Department of Public Welfare, Office of Hearings and Appeals is hereby affirmed.