534 A.2d 582

The Western Pennsylvania Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 5, 1987, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Edward V. Weisgerber*, with him, *Carolyn M. Branthoover, Kirkpatrick & Lockhart*, for petitioner.

*Jason Manne*, Assistant Counsel, with him, *Bruce G. Baron*, Assistant Counsel, for respondent.

OPINION BY JUDGE COLINS, December 11, 1987:

The Western Pennsylvania Hospital (Hospital), an acute care facility, appeals an order of the Department of Public Welfare (DPW), Office of Hearings and Appeals, adopting in its entirety the recommendation of a Hearing Officer which held that DPW properly denied the reimbursement of certain claims for payment for health care services rendered by the Hospital because certain associated requisite forms were untimely submitted. DPW has filed a Motion to Quash the Hospital's appeal on the grounds that the Petition for Review presents an issue not preserved for appeal.

We distill the following facts from the minimal record in the instant matter. During the period July, 1984 to October 1984, the Hospital provided obstetrical services to sixteen patients eligible under the Pennsylvania Medical Assistance (MA) Program. These patient admissions followed closely upon DPW's implementation of a radically revised prospective system for MA

reimbursement based on Diagnosis Related Groups (DRGs), such program purporting to control inpatient hospital costs by assuring that hospital admissions are necessary and that appropriate medical care is rendered to MA patients.[1]

In accordance with the DRG reimbursement process, the Hospital was required to submit to DPW a "Hospital Admission DRG CHR Certification Form" (MA-87 form) for any MA patient admitted to the facility, such form to be received by DPW within ten calendar days of the admission or payment for inpatient services would be denied. *See* 55 Pa. Code §1163.75(6). The Hospital submitted MA-87 forms for the sixteen obstetrical patients here at issue but each was received by DPW after the ten day time limitation for submission and each was denied as untimely. At all times throughout the proceedings, the Hospital conceded that the forms were untimely submitted. However, it requested reimbursement in whole or in part because these services were undeniably rendered, medically appropriate and not reimbursed solely as a result of the untimely submission of the MA-87 forms, a delay the Hospital attributed to operational problems with a recently purchased computer software system.

The Hospital appealed the denials of reimbursement to the Office of Hearings and Appeals and a telephone hearing was conducted by a designated Hearing Officer.

---

[1] The newly-instituted reimbursement system reflected a "change from one that reimbursed hospitals on the basis of the costs they incurred in providing services, to a system of 'prospective payments' based on a number of artificially derived price formulas known as diagnostic related groups or 'DRGs' ". *Eye and Ear Hospital v. Department of Public Welfare,* 100 Pa. Commonwealth Ct. 363, 365, n. 2, 514 A.2d 976, 977, n. 2 (1986), *quoting Horty, The Changing Perception of the Hospital: A Prescription for Survival,* 24 Duq. L. Rev. 367, 371 (1986).

The Hospital was represented at this hearing by Dr. James Hanrahan, Chairman of the Hospital's Utilization Review Committee, who again reiterated that the delay in submission of the MA-87 forms was occasioned by a computer software problem which prevented the categorization of patients into the appropriate DRG. The Hearing Officer denied the appeal, stating that while she understood that the computer problem may have made the Hospital's task more difficult, there were no regulations providing for an exception to the ten day time limitation imposed by 55 Pa. Code §1163.75(6). The Hospital's appeal to this Court followed.

Upon appeal, the Hospital contends that it is entitled to reimbursement for services rendered under equitable principles of unjust enrichment because the delay in the submission of the requisite MA-87 forms was attributable to "reasons beyond its control." It also contends that DPW's strict adherence to the time limitation is unreasonable because no objective purpose was served by such adherence in any of the claims here at issue, an argument which we take to be a challenge to the validity of the regulation itself. Finally, the Hospital submits that it did not retain counsel for the hearing before the Hearing Officer because it was misled by DPW's written representations that such hearing was informal in nature. DPW's failure to fully apprise the Hospital of the import of the hearing so that it might have retained counsel amounted to an abrogation of the Hospital's due process rights, or so the Hospital now contends.

We preliminarily address DPW's Motion to Quash whereby it contends the Hospital's Petition for Review impermissibly raises matters not previously presented and thus waived. Specifically, DPW suggests that the Hospital's sole argument before the Hearing Officer was that the time limitation should not be strictly applied

where the delay was attributable merely to computer error. It submits the Petition for Review posits the novel contention that the regulation is itself invalid because it serves no objective purpose within the context of the sixteen patient claims here at issue.

The Hearing Officer defined the relevant inquiry as "whether or not [DPW] correctly denied payment for hospital care due to untimely submissions of the MA-87 forms." The Hospital's Petition for Review posits several arguments, the gravamen of which is that DPW must direct reimbursement despite the untimeliness of the MA-87 forms. Motions to dismiss are disfavored; an appeal on the merits is preferred and, where uncertainty exists, the appeal should be maintained. *First Valley Bank v. Steinmann*, 253 Pa. Superior Ct. 8, 384 A.2d 949 (1978); *see also Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984). The Hospital's contentions as raised in its Petition for Review are arguably encompassed by the general statement of the Hearing Officer defining the focus of the instant matter and we, accordingly, dismiss DPW's Motion to Quash.

Turning to the merits of the Hospital's appeal, we emphasize that there are no allegations that the services provided were medically unnecessary or that any of the patients were not MA eligible. All of the claims were denied merely because the MA-87 forms were untimely submitted. The Hospital now argues that DPW is unjustly enriched by its hypertechnical adherence to the regulatory time limitations and that equity demands that it be reimbursed for services undeniably rendered and necessary.

This Court has had occasion to reject comparable arguments in *Nayak v. Department of Public Welfare*, 107 Pa. Commonwealth Ct. 504, 529 A.2d 557 (1987) and *State College Manor, Ltd. v. Department of Public*

*Welfare,* 92 Pa. Commonwealth Ct. 89, 498 A.2d 996 (1985), both cases involving provider appeals from DPW's denial of claims untimely submitted but otherwise reimbursable. The instant matter is factually similar to *Nayak,* in which the provider fully *attempted* to comply with DPW's complex billing regulations but occasionally made unintentional errors leading to invoice submission delays. In *State College Manor,* the provider's delay in billing DPW was caused by the gross negligence of its bookkeeper. The record *sub judice* contains no suggestion that the Hospital did not attempt to fully comply with the pertinent regulation.

In *Nayak,* we sympathized with providers and expressed "little doubt that [they] suffered confusion and frustration in attempting to obtain payment from DPW." 107 Pa. Commonwealth Ct. at 509, 529 A.2d at 561. Nevertheless, we could fashion no remedy under exigent circumstances, constrained as we were by the language in *State College Manor* that equitable principles "will not excuse . . . failures of omission, important or otherwise, with regard to the requirements of a substantive regulation having the force and effect of law." 92 Pa. Commonwealth Ct. at 95, 498 A.2d at 999. In *Nayak,* we also burdened the provider with the necessity of learning to work with the reimbursement system or suffer nonpayment if it failed to do so, the exception being, of course, where DPW contributed in some manner to the difficulty or delay. We must rule likewise in the instant proceeding, fully cognizant of the fact that the delays in submissions were attributable to computer software problems not initially perceived by the Hospital. Such difficulties are an affliction of the computer age and confound us all.

The Hospital next contends that the time limitation should not be strictly applied because the regulation is itself invalid. It supports its charge of invalidity by

averring that the time constraints serve no objective purpose within the context of the instant patient claims. In its own words, the Hospital admits that the purpose of the time limitation is to "provide [DPW] with contemporaneous notice of hospital admissions which may be unnecessary or not covered by the [MA] program [thus giving DPW] an opportunity early in the treatment process to review the reasonableness and necessity of the medical services being rendered." However, it suggests the regulation served no purpose here because there were no allegations that unnecessary medical services were provided or that DPW's capacity to review the Hospital's expenditures was in any way prejudiced. We cannot conclude that ad hoc justifications applicable solely to the instant patient claims impair the valid objective of the regulatory time limitations, which objective the Hospital evidently concedes.

Finally, we reject the Hospital's contention that it was intentionally misled by DPW's representations that the hearing before the Hearing Officer was informal in nature and so did not retain counsel. It suggests that these representations consequently abrogated its due process right to be heard and to defend the appeal. The Hospital's notice of the hearing does indeed contain the statement that such hearing will be informal in nature. However, it also clearly indicates that either party may be represented by counsel.

As our Supreme Court noted in *Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985), "any lay person choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise in legal training will prove his undoing." (Citation omitted.) The Hospital here chose to be represented at the hearing by Dr. Hanrahan, Chairman of the Utilization Review Committee, whom, by virtue of such

position we surmise, must have a measure of sophistication and familiarity with DPW's reimbursement system, the focus of the hearing. Having applied the Supreme Court's rule in unemployment compensation proceedings, as we must, *see Reed v. Unemployment Compensation Board of Review,* 104 Pa. Commonwealth Ct. 373, 522 A.2d 121 (1987), we do not hesitate to apply it in the instant proceeding. Nor do we find the notice of the hearing in any other way misleading.

Accordingly, the Order of DPW is affirmed.

## ORDER

AND NOW, this 11th day of December, 1987, the Motion to Quash filed by the Department of Public Welfare in the above-captioned matter is dismissed and the Order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.