**John DONOHUE**

v.

**ARROWHEAD LAKE COMMUNITY ASSOCIATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 14, 1998.

Decided Oct. 5, 1998.

Richardson Todd Eagen, Hawley, for appellant.

Joseph S. Wiesmeth, Stroudsburg, for appellee.

Before DOYLE and McGINLEY, JJ.,and LORD, Senior Judge.

DOYLE, Judge.

The Arrowhead Lake Community Association (Association) appeals an order of the Court of Common Pleas of Monroe County, which directed the Association to hold a special meeting of the Association's membership

and assessed counsel fees against the Association. Also before us is the application of the Appellee, John Donohue, for counsel fees and costs pursuant to Pa. R.A.P. 2744.

The Association is a Pennsylvania nonprofit corporation comprised of approximately 3,200 members who own real property in the Arrowhead Lake Development (Development), located in Tobyhanna Township, Monroe County, which is in the Pocono Mountain resort area of Pennsylvania. In March of 1997, Donohue, who owns property in the Development and is a member of the Association, circulated a "Petition for the Call of a Special Meeting Arrowhead Lake Community Association" (Petition). The special meeting was for the purpose of considering an amendment to the Arrowhead Lake Community Association Bylaws (Bylaws) that would divest the Association's Board of Directors of the power to approve significant expenditures of money. Under Donohue's amendment, all material decisions involving the expenditure of money would be approved by a majority of the Association's membership. Donohue circulated the Petition in response to a decision pending before the Board of Directors regarding whether to spend a minimum of 16 million dollars to upgrade and expand the Association's sewer system.

The Association's Bylaws provide that a special meeting may be called "upon the written petition of five-percent of the Members of the Association who would have the right to vote at such special meetings." (Article VIII, Section 3, of the Bylaws.) A similar provision is contained in Section 5755(b) of the Nonprofit Corporation Law of 1988(Law), 15 Pa.C.S. § 5755, which states that a special meeting may be called by "members entitled to cast at least 10% of the votes which all members are entitled to cast at the particular meeting. . . . " Donohue procured 999 signatures of Association members on his petition. The 999 members who signed the Petition constituted about thirty-one percent of the Association's total membership, which is well in excess of the minimum number of signatures required to call a special meeting under the Bylaws or the Nonprofit Corporation Law of Pennsylvania.

On May 3, 1997, Donohue attended a meeting of the Association, presented the signed Petitions, and requested that a special meeting be called to consider the amendment of the Bylaws as proposed in the Petition. The officers of the Association, however, did not call the special meeting.

On June 6, 1997, Donohue initiated an action against the Association by filing a Praecipe for Writ of Summons in the Common Pleas Court. Four days later, Donohue filed a "Motion for Equitable Relief," seeking an order directing the Association to hold a special meeting and directing the Association to reimburse him for costs and reasonable attorney's fees. Thereafter, the Association filed an answer to the motion which, among other things, disputed the authenticity of the signatures on the Petitions, but raised no affirmative defenses in new matter. An evidentiary hearing was conducted on August 18, 1997, by Common Pleas and Donohue presented testimony and introduced documents into evidence; the Association presented no evidence. Furthermore, at the hearing Common Pleas directed the parties to compare the signatures on the Petitions to the Association's records to verify whether those individuals were members in good standing. After examining those records, the Association conceded that 700 signatures on the Petitions were those of members in good standing and that the 700 signatures constituted more than five percent of the Association's membership.

The Common Pleas Court found as fact that 700 members in good standing of the Association signed the Petitions, and that Donohue, therefore, met the standards of the Bylaws and the Law for calling a special meeting. The Court also observed that, under Section 5792 of the Law, where a nonprofit corporation has failed to hold a meeting and that the failure has continued for at least thirty days, a court has the power "to summarily order a meeting to be held upon the application of any person entitled . . . to call a meeting. . . . " 15 Pa.C.S. § 5792. Accordingly, on August 19, 1997, the Common Pleas Court entered an order requiring the Association to hold a special meeting within sixty days.

The Court also granted Donohue counsel fees as a sanction against the Association, and explained its decision as follows:

The Association's conduct in this proceeding, in failing to verify the validity of Plaintiff's Petitions until ordered to do so by this Court and requiring the Plaintiff to commence this proceeding in spite of a clear statutory mandate to convene a special meeting, is frivolous, dilatory, obdurate and vexatious entitling the Plaintiff to an award of attorney's fees.

(Common Pleas Court's opinion at 6.) This appeal by the association was filed on October 17, 1997. However, after the appeal was filed, the Association nevertheless scheduled the special meeting demanded by Donohue for December 14, 1997, and the meeting has been held. (Donohue's Brief in Support of Application for Counsel Fees at 4, 10.)

On appeal, the Association contends that the Common Pleas Court improperly shifted the burden of proof from Donohue to the Association to show that the signatures on the Petitions were authentic. The Association asserts that Donohue never proved that he followed all necessary procedures to call a special meeting or proved that the signatures of the members on the Petitions were authentic. Hence, the argument goes, Donohue did not establish a prima facie case and, for that reason, the burden never shifted to the Association. We cannot agree.

■ First, our review of the record reveals that the Association never even argued at the hearing before the Common Pleas Court that this case should be dismissed on the ground that Donohue failed to present sufficient evidence to support his claim, or that the Court erred in shifting the burden of proof to the Association to prove authenticity of the signatures on the Petitions. Since the Association's issue is being raised for the first time on appeal, it is waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Pa. R.A.P. 302(a). However, even if the Association's argument had been properly preserved for our review, the argument would fail.

Article VIII, Section 3, of the Bylaws establishes the following procedure for calling a special meeting by petition: (1) the petition must be written; (2) the petition must be signed by five percent of the members of the Association who would have the right to vote at a special meeting; and (3) the petition must set forth the purpose of the special meeting. Under Section 5755 of the Law, to call a special meeting of a nonprofit corporation, it must only be shown that ten percent of the members entitled to cast votes demand such a meeting.

■ Donohue presented the Common Pleas Court with evidence satisfying every element of the Bylaws and the Law. Specifically, Donohue entered a copy of the written Petition into the record, and the Petition clearly demanded that a special meeting be convened for the purpose of amending the Bylaws. The text of the proposed amendment was included in the Petition. Donohue testified that he collected 999 signed Petitions. Most important, the Association *conceded* that 700 of the signatures on the Petitions were members in good standing of the Association:

THE COURT: Counsel, how did you make out with respect to the determination of how many of these petitioners are members in good standing?

[ASSOCIATION'S COUNSEL]: Your Honor, we ran a computer run on it and tried to compare the list we already had. . . . [T]he names of the petitioners come to approximately seven hundred members in good standing, which exceeds five percent of the membership. . . .

(Notes of Testimony (N.T.) at 24; Reproduced Record (R.R.) at 34a.) In fact, the 700 individuals who signed the Petition constituted more than twenty-one percent of the 3,200 members of the Association, much more than the five-percent required by the Bylaws and the ten-percent required under the Law. Therefore, it is clear that Donohue established a prima facie case that the Association was required to conduct a special meeting.

Because Donohue presented a prima facie case, the burden of coming forward with evidence to rebut Donohue's claim shifted to the Association. The Association, however, never produced any evidence at all on its behalf; nor did it present a cogent defense.

Although the Association argued that it was impossible for the Court to determine, based on Donohue's evidence, whether the signatures on the Petitions were authentic, the Common Pleas Court correctly explained that the Association had to produce evidence on that issue:

> THE COURT: Now you've been to court, seen the petitions, checked them against your members. Do you want to present some evidence. You are making an argument. He has established a prima facie case. He has given me a petition. You agree that there are seven hundred members in good standing. . . .
>
> [ASSOCIATION'S COUNSEL]: I agreed the signatures matched. I can't tell you whether those are the same seven hundred people or not.
>
> THE COURT: You don't have to. If you want to, show me that they are not. He established at this point there are seven hundred members who signed the petitions, members in good standing. If you want to rebut that evidence, my ears are open.
>
> . . . .
>
> THE COURT: Any evidence you want to present?
>
> [ASSOCIATION'S COUNSEL]: Nothing.

(N.T. at 28–29; R.R. at 38a–39a.)

Therefore, in light of the above, we hold that the Common Pleas Court did not erroneously place the burden of proof on the Association, but rather properly determined that the Association had to go forward with the evidence to rebut Donohue's prima facie case that the Association was required to convene a special meeting as provided by the Bylaws and the Law. Therefore, we will affirm the Common Pleas Court's order.

■ We will now consider Donohue's application for counsel fees and costs. Under Pa. R.A.P. 2744, an appellate court may award counsel fees and costs when

> it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.

An appeal is deemed to be frivolous when there is no likelihood of success and the continuation of the contest is unreasonable. *Leberfinger v. Department of Transportation, Bureau of Traffic Safety*, 137 Pa. Cmwlth.·605, 587 A.2d 46 (1991).

Donohue claims that the Association's appeal is frivolous, because (1) the issue raised on appeal was not preserved for appellate review, (2) Donohue's right to the meeting was clear and the Association offered no defense to the merits of the claim, and (3) the Association continued to pursue this appeal despite that fact that the special meeting was held in December of 1997.

In response, the Association argues that it had a good faith reason for prosecuting this appeal, since it has an important financial interest in limiting the availability of special meetings. The Association states:

> In order to hold a special meeting, many difficult and costly steps must be taken. Prior to the meeting, expenses accrue related to sending notice of the meeting. These expenses include postage, stationary, administrative drafting, and envelope stuffing [and] sealing. Additional expenses include drafting and mailing proxy statements, and administrative costs for research concerning each of the [3,200] members to determine if they are members in good standing entitled to vote. . . .
> The approximate cost to hold a special meeting can run as high as ten thousand dollars. Because of this tremendous expense, the Appellant has an important reason for making sure that every procedural step is properly taken before a meeting could be held. That was the foundation of Appellant's argument at the lower court.

(Association's Brief in Response to Donohue's Brief in Support of Counsel Fees at 9.) The Association, however, does not deny Donohue's claim that the special meeting was scheduled and held, and does not assert that it had meritorious defense to Donohue's claim.

■ We therefore conclude that this appeal is indeed frivolous. The Association's sole issue on appeal was waived and, moreover, even if that issue had been properly preserved, it was frivolous. Furthermore, because the special meeting **had been con-**

**vened,** the Association's decision to continue to pursue this appeal, thereby incurring further costs, is plainly unreasonable, if its argument was that it took the appeal in the first place to conserve costs.

The Association admits that it pursued this appeal to avoid the financial expense of conducting the special meeting. In the absence of any basis in law or fact that could arguably show that Donohue was not entitled to the special meeting, the Association's actions in refusing to hold such a meeting and then litigating this matter in order to avoid the financial costs of complying with its own Bylaws, in our view, cannot be deemed a good faith reason to prosecute this appeal. *See 220 Partnership v. City of Philadelphia,* 129 Pa.Cmwlth. 300, 565 A.2d 518 (1989) (appeal filed merely to delay the payment of a fine was frivolous), *petition for allowance of appeal denied,* 525 Pa. 652, 581 A.2d 577 (1990).

Donohue's application for counsel fees and costs, therefore, is hereby granted, and we will remand this case to the Common Pleas Court for the calculation and imposition of reasonable attorney's fees and costs against the Association pursuant to Pa. R.A.P. 2744. This would, of course, be in addition to any counsel fees previously awarded to Donohue against the Association by Common Pleas for the obdurate conduct of the Association up to the date the trial court's order was entered.

Accordingly, the Common Pleas Court's order is affirmed and this case is remanded for proceedings consistent with this opinion.

### *ORDER*

**NOW,** October 5, 1998, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby affirmed. John Donohue's application for counsel fees and costs is granted. This matter is remanded to the Common Pleas Court for the calculation of reasonable attorney's fees and costs against Arrowhead Lake Community Association pursuant to Pa. R.A.P. 2744.

Jurisdiction relinquished.