**SECOND BREATH, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 17, 1999.

Decided June 15, 1999.

Thorley C. Mills, Jr., Philadelphia, for petitioner.

Howard Ulan, Harrisburg, for respondent.

Before McGINLEY, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Petitioner, Second Breath, appeals from an order of the Department of Public Welfare (DPW) adopting a hearing examiner's recommendation to deny Second Breath's request for a waiver of the requirement that its CEO have a college degree. We affirm.

Second Breath is a residential health care facility for children with pulmonary impairments. Second Breath is licensed under 55 Pa.Code Chapter 6400, and, therefore, is subject to the requirement under 55 Pa.Code § 6400.43(c)(2) that its CEO hold a college degree.[1] After its CEO resigned, Second Breath petitioned DPW under 1 Pa.Code § 35.18[2] for a waiver of the college degree requirement so that Celeste DaShiell, founder and administrator of Second Breath, could become CEO even though she did not hold a college degree. DPW denied the petition; Second Breath then appealed, and a hearing was conducted before a hearing examiner.

At the hearing, Second Breath presented the testimony of DaShiell and Earl Donald Frey, who serves as DPW's licensing representative to Second Breath.[3] DaShiell testified that she obtained thirty credits (equaling one year of study) from Steubenville College in Ohio, majoring in psychology and minoring in sociology; that, in 1975, she completed 100 clock hours of instruction at the University of Pittsburgh; and, finally, that she obtained a personal care administrator certificate in 1992.[4] (R.R. at 23a–24a, 47a.) DaShiell described how she founded Second Breath herself, designing it to meet the medical needs of her community as well as the licensing requirements of 55 Pa.Code Chapter 6400 (R.R. at 26a–31a.) Frey testified that he was acquainted with DaShiell and that, although he did not feel qualified to judge DaShiell's educational qualifications, he had no reason to believe that she could not perform as Second Breath's CEO. (R.R. at 68a–74a, 85a–86a.)

The hearing examiner recommended that the waiver request be denied, and DPW Office of Hearings and Appeals

---

1. The regulation at 55 Pa.Code § 6400.43 provides:

   (a) There shall be one chief executive officer responsible for the home or agency.
   (b) The chief executive officer shall be responsible for the administration and general management of the home, including the following:
   (1) Implementation of policies and procedures.
   (2) Admission and discharge of individuals.
   (3) Safety and protection of individuals.
   (4) Compliance with this chapter.
   (c) A chief executive officer shall have one of the following groups of qualifications:
   *(1) A master's degree or above* from an accredited college or university and 2 years work experience in administration or the human services field.
   *(2) A bachelor's degree* from an accredited college or university and 4 years work experience in administration or the human services field.

   (Emphasis supplied.)

2. This section provides:

   A petition to an agency for the issuance, amendment, waiver or repeal of a regulation shall set forth clearly and concisely the interest of the petitioner in the subject matter, the specific regulation, amendment, waiver or repeal requested, and shall cite by appropriate reference the statutory provision or other authority therefor. The petition shall set forth the purpose of, and the facts claimed to constitute the grounds requiring, the regulation, amendment, waiver or repeal. Petitions for the issuance or amendment of a regulation shall incorporate the proposed regulation or amendment.

3. DPW did not call any witnesses.

4. DaShiell *did not present documentation* for the one year of study at Steubenville College. The only documentation she presented with regard to her study at the University of Pittsburgh indicated that she received twelve hours of instruction.

adopted this recommendation. Second Breath now appeals to this court.

■ The standard of review for this case is set forth in *Slawek v. State Board of Medical Education and Licensure,* 526 Pa. 316, 586 A.2d 362 (1991), where our supreme court held that review of a discretionary decision by an administrative agency is limited to a determination of whether there has been an abuse of discretion. This is a high standard, requiring this court to abide by DPW's decision absent "bad faith, fraud, capricious action or abuse of power." *Id.* at 321, 586 A.2d at 365.

■ Second Breath relies on *Eye and Ear Hospital v. Department of Public Welfare,* 100 Pa.Cmwlth. 363, 514 A.2d 976 (1986), for the proposition that a waiver should be granted "if the circumstances of the case are sufficient to demonstrate clearly that the general rule would create inequities and would not serve the statutory and regulatory purposes" of the regulation in question. (Second Breath's brief at 7.) However, we decline to extend our holding in *Eye and Ear* to the facts presented here. In *Eye and Ear,* this court held that, where DPW was responsible for creating confusion as to the effect of its regulations and had sua sponte issued a waiver giving hospitals extra time to come into compliance with those regulations, DPW abused its discretion in not extending its waiver provision long enough for the petitioning hospitals, who had acted diligently throughout, to come into compliance with the regulations. In *Eye and Ear,* we were careful to point out that the outcome rested on the particular facts of that case. Moreover, the petitioning hospitals in *Eye and Ear* sought a waiver in order to cure a defect in DPW regulations. Here, on the other hand, the regulation in question is not defective. It is clearly written and plainly requires that Second Breath's CEO must have a college degree.

We believe that the facts of this case are closer to *Appeal of Ferriman,* 487 Pa. 45, 408 A.2d 844 (1979); *Appeal of Kartorie,* 486 Pa. 500, 406 A.2d 746 (1979); and *Oliver v. Department of State, Pennsylvania Board of Psychologist Examiners,* 45 Pa.Cmwlth. 195, 404 A.2d 1386 (1979), than they are to *Eye and Ear.* In both *Ferriman* and *Kartorie,* our supreme court denied the requests of accomplished and successful attorneys for waiver of the requirement that members of the Pennsylvania bar must be graduates of a law school accredited by the American Bar Association (ABA). In *Oliver,* this court held that, although the appellant had a master's degree in teaching and 25 years of related experience, the Board of Psychologist Examiners properly excluded him from licensure as a psychologist because he did not have the required master's degree in psychology. DaShiell's undocumented testimony that she completed one year of college is a weaker claim than the fully documented claims for waiver that were rejected in *Oliver, Ferriman* and *Kartorie.* Oliver had a master's degree, albeit in the wrong field, and Ferriman and Kartorie both had law degrees, although at the time they graduated, the schools they attended were not yet accredited by the ABA.

It is imperative that health care facilities maintain high standards in order to give the best care to their patients, especially when the patients are medically fragile children. It may well be true that DaShiell's specialized experience and dedication to the needs of such children is sufficient for her to make an excellent CEO of Second Breath. However DPW's decision not to compromise its clearly-written and reasonable requirement that she have a college degree does not amount to abuse of discretion.

For all of the foregoing reasons, we affirm.

*O R D E R*

AND NOW, this 15th day of June, 1999, the order of the Department of Public Welfare, dated September 24, 1998, is affirmed.