ASHTON HALL, INC., d/b/a Ashton
Hall Nursing and Rehabilitation
Center, Petitioners,

v.

DEPARTMENT OF PUBLIC
WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1999.
Decided Oct. 12, 1999.
Publication Ordered Jan. 5, 2000.

W. Craig Knaup, Cherry Hill, NJ, for petitioner.

Leonard W. Crumb, Harrisburg, for respondent.

Before SMITH, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

Ashton Hall appeals from an Order of the Bureau of Hearing and Appeals affirming the denial by the Department of Public Welfare of an Exception Request that would have allowed Ashton Hall to submit an invoice requesting payment for one month of services rendered to patient Gertrude Orrigo.

The relevant facts of this case are undisputed. Appellant Ashton Hall & Nursing Rehab has provided services to patient Gertrude Orrigo since March 1, 1997. On June 12, 1997, appellant requested Medical Assistance (MA) eligibility for the patient, which must be obtained before a request for payment can be made from the Department of Public Welfare (DPW). On March 18, 1998, Ms. Orrigo received eligibility authorization for MA, effective from March 1, 1997. Ashton Hall promptly submitted its invoices for payment. Payment was denied for the month of March 1997.

Applicable regulations require that "a provider shall submit original or initial invoices to be received by the Department within a maximum of 180 days after the date the services were rendered or compensable items provided." 55 Pa.Code § 1101.68(b)(1). The 180 day period applicable to the services for March of 1997 ended in September of 1997, nearly six months before the invoices were submitted. Thus, appellant looked to the regulatory exceptions to the 180 day rule, and found that under 55 Pa.Code § 1101.68(c)(1) invoices may be submitted after 180 days if "[e]ligibility determination was requested within 60 days of the date of service and the Department has received an invoice exception request from the provider within 60 days of receipt of

the eligibility determination."[1] As the request for an eligibility determination was made on June 12, the exception request was allowed only for the period beginning April 1, and was denied for the March billings. These determinations by the Department of Public Welfare were upheld on appeal by the Bureau of Hearing & Appeals. This appeal followed.

As a preliminary matter, appellant requests that its case be remanded, as there was no administrative determination of its claim that 55 Pa.Code § 1101.68 conflicts with 55 Pa.Code § 181.12(a), pertaining to the deadline for a determination of retroactive MA eligibility, and should therefore be held inapplicable. This issue is presented in somewhat different form here and raises only a question of law, so there is no need to remand. The issue can be more easily and expediently resolved here. *See Commonwealth v. Harris*, 418 A.2d 589, 593 (Pa.Super.1980).

■ Section 181.12(a) states, "[t]he earliest possible date for retroactive MA benefits to begin is the first day of the third month preceding the month of application." Appellant notes that it satisfied the three month window for a determination of retroactive eligibility, and that the time period allotted by this section is longer (by about a month) than the 60 day time period for the granting of an exception in § 1101.68. While appellant is correct that it has satisfied one of the time requirements, but not the other, it has failed to demonstrate that these two sections are in any way conflicting or contradictory. They simply relate to different things. The three month window of § 181.12(a) pertains to application for retroactive *eligibility*, and in fact, Ms. Orrigo was declared eligible for benefits effective March 1, 1997. Section 1101.68 relates to the submission of invoices by providers.

■ Appellant next claims that blame for the invoice's lateness is appropriately placed on DPW, which took over nine months to determine the patients' eligibility. This argument is apparently based upon a statement in *Nayak v. Dep't of Welfare*, 529 A.2d 557, 562 (Pa.Cmwlth. 1987), in which the court rejected an appeal similar to appellant's, noting in passing that the court "cannot conclude from this record that DPW contributes unnecessarily to any delay."

In support of this claim, appellant notes 55 Pa.Code § 125.84(e)(1), which provides that, "Applications will be promptly acted upon and eligibility will be determined as quickly as possible, preferably within at least 30 days from the date of application."[2] If the application had been acted upon within thirty days rather than nine months, appellant claims, it could easily could have submitted its invoice within the 180 day period allowed.

Subsection (e)(1)'s "preference" for quick determinations does not rise to the level of a legal obligation. Further, there was no evidence presented that DPW contributed "unnecessarily" to the delay, apart from the bare observation that the eligibility determination took a long time. Finally, it is precisely because eligibility responses may take more than 30 days that the exceptions in 55 Pa.Code § 1101.68(c)(1) were included in the regulations and Ashton Hall has proffered no reason why it could not have met the requirements of the exception had it exercised due diligence.

■ Appellant requests an equitable remedy under the doctrine of substantial performance. This argument was not raised before the Board, so is waived. *Donohue v. Arrowhead Lake Community Assoc.*, 718 A.2d 904, 906 (Pa.Cmwlth.1998). Moreover, the Court has previously held

---

1. It may be noted that these time periods are considered satisfied for the entire month if the last day of service in that month falls within the period.

2. One may observe that the phrase "within at least 30 days" is completely meaningless in this context. Presumably, DPW intends its goal to be "within *at most* 30 days".

that the doctrine of substantial performance, applicable in contract law, does not apply to this situation, and thus "will not excuse ... failures of omission, important or otherwise, with regard to a substantive regulation having the force and effect of law. Strict compliance with the requirements of statute and of the regulations duly promulgated in accordance therewith is mandatory; substantial compliance is insufficient." *State College Manor, Ltd. v. Dep't of Public Welfare*, 92 Pa.Cmwlth. 89, 498 A.2d 996, 999 (1985).

Finally, appellant has also attached to its brief a copy of an "Options PAA Determination Report", which it claims proves that a request for eligibility was made on May 23, 1997, i.e., within the sixty days mandated by 55 Pa.Code § 1101.68(c)(1) for an exception request. Aside from the fact that the document nowhere contains the date "May 23" (it is dated June 3, 1997), we may not consider on appeal documents which were not introduced in the proceedings below. Moreover, we remind counsel that Rule of Appellate Procedure 2119(e), requires specific reference to the place in the record where the raising or preserving of each issue has occurred. In spite of this disregard of the rules, we have searched the record and found no evidence of this "Options PAA Determination Report," nor even any claim during the DPW proceedings that June 12 was not the correct date. Therefore, neither this argument nor the document may be considered on appeal.

Accordingly, the order of the Department of Public Welfare is affirmed.

### ORDER

AND NOW, this 12th day of October, 1999, the order of the Department of Public Welfare in the above captioned matter is affirmed.