468 A.2d 513

**KENNEDY & CARTER CONSTRUCTION COMPANY, INC., Appellant,**

v.

**Gerald L. BARKLEY and Grace Barkley, his wife.**

Superior Court of Pennsylvania.

Argued May 25, 1983.

Filed Nov. 25, 1983.

Michael L. Fitzpatrick, Washington, for appellant.

Simon B. John, Uniontown, for appellees.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

PER CURIAM:

This is an appeal from an order of the trial court, sitting *en banc*, dismissing exceptions to an order opening a judgment. Because it was taken out of time, this appeal must be quashed.

On January 13, 1981, Kennedy & Carter Construction Company, Inc. (hereinafter "appellant"), filed a complaint in assumpsit before District Justice Anthony Shuli alleging

damages in the amount of $2,000.00 stemming from the allegedly wrongful cancellation of a construction contract by Gerald L. and Grace Barkley (hereinafter "appellees"). On February 2, 1981, after a hearing which all parties attended, together with counsel, the District Justice entered a decision in favor of appellant in the amount of $2,000.00 plus $27.00 in record costs. Appellees admit that they filed no appeal from the decision of the District Justice.

On March 19, 1981, the judgment was filed of record in the Prothonotary's Office of Fayette County. On May 12, 1981, a writ of execution was issued and appellee's home was listed to be sold at a sheriff's sale scheduled for July 16, 1981. On June 2, 1981, after receiving notice of the execution, appellees consulted a second attorney to see what could be done. For the next month, appellees and their new attorney attempted to settle the dispute with appellant but were not successful.

On July 3, 1981, appellees filed a petition to stay execution and to strike the judgment. The same day, the trial judge signed an order staying the execution, striking the judgment and setting the matter for a hearing before "an arbitration panel" at 9:30 a.m. on September 21, 1981. Appellant's answer to this petition was filed twenty-two minutes prior to the scheduled commencement of the hearing on September 21, 1981. *Inter alia*, appellant alleged that appellees had failed "to raise any grounds for which a petition to strike can be granted." No notes of testimony or other record of the September 21 hearing have been transmitted with the record on appeal and no order of court appears of record disposing of the petition and answer. However, the parties and the court later agreed that the court dismissed the petition to strike. (N.T. 11/13/83 at 2–3.)

On September 25, 1981, appellees filed a "praecipe for a writ of certiorari." On October 6, 1981, appellees filed a combined petition to open judgment and motion for permission to appeal *nunc pro tunc*. That same day, the court issued a rule upon appellant to show cause why the peti-

tion/motion should not be granted, set a hearing on these matters and on appellees' request for a writ of certiorari for November 13, 1981. Appellant's answer to the petition/motion was filed on November 12, 1981. The next day, at the beginning of the scheduled hearing, the court dismissed the petition for certiorari and the motion for permission to appeal *nunc pro tunc*. Appellees were permitted to proceed on their petition to open judgment. On November 27, 1981, the trial judge issued an order dated November 23, 1981, making absolute the rule to show cause and opening the judgment.

On December 3, 1981, appellant filed "Exceptions to the Adjudication of November 23, 1981." On December 7, 1981, these exceptions were ordered to be "placed on the next Argument List" and argument was subsequently heard by the court sitting *en banc*. By order and opinion dated March 31, 1982, the court *en banc* unanimously dismissed the exceptions. Appellant filed a notice of appeal on April 27, 1982.

The order of the trial judge dated November 23, 1981, was "[a]n order opening, vacating or striking off a judgment ..." within the meaning of Rule 311(a)(1) of the Rules of Appellate Procedure. As such, the order was on that date and for thirty days thereafter appealable as of right. The filing of "exceptions" to such an order, a practice neither authorized nor recognized by any rule of procedure, cannot extend the original thirty-day appeal period provided for by Pa.R.A.P. No. 903(a). *Scoumiou v. United States Steel Corp.*, 293 Pa.Super. 254, 438 A.2d 981 (1981). Appellant had only two options open to it: appeal within thirty days of the order issued on November 27, 1981, or continue to litigate in the trial court and raise the issues it now seeks to raise "on any subsequent appeal in the matter from a determination on the merits" as permitted by Rule 311(d)(1)(i). *See Scoumiou v. United States Steel Corp., supra.*

The order of the court *en banc* dismissing the exceptions itself does not fall into any of the categories of interlocuto-

ry orders from which an appeal may be taken as of right. Rule 311(a)–(c). Nor is that order a final order for it does not in any way put appellant "out of court." *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 229, 348 A.2d 734, 736 (1975). Likewise, permission to appeal an otherwise nonappealable interlocutory order has neither been sought nor granted. Pa.R.A.P. Nos. 1301 et seq. Nor did the trial court expressly grant reconsideration of the earlier order. Pa.R.A.P. No. 1701(b)(3). *See also Scoumiou v. United States Steel Corp., supra.* The order of the trial court *en banc* dismissing the exceptions is therefore not properly before us and we do not reach the merits of the issues raised in appellant's brief.

Appeal quashed.