565 A.2d 518
**220 PARTNERSHIP c/o Philip Banks, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Nov. 1, 1989.

---

Anthony L. Cianfrani, for appellant.

Flora Barth Wolf, Divisional Deputy City Sol., with her, Andrew P. Bralow, Chief Deputy City Sol., and Seymour Kurland, City Sol., for appellee.

Before BARRY and SMITH and BARBIERI, Senior Judge, sitting as a panel of three.

BARBIERI, Senior Judge.

The present case comes before us on direct appeal from a final order of the Court of Common Pleas of Philadelphia

County, issued on April 28, 1988, which found the 220 Partnership and its general partner Philip J. Banks, Appellants, to be in civil contempt for failure to comply with previous court orders, and imposed a $10,000 fine. Having thoroughly reviewed the record in this matter, we quash the appeal and remand to the trial court for the calculation and award of costs and attorneys' fees to Appellee, the City of Philadelphia (City).

This case has a lengthy procedural history. Appellants are owners of a structure located at 220 South 16th Street in Philadelphia. This structure was alleged, by the City of Philadelphia's Department of Licenses and Inspections, to be in violation of Title 5, Chapter 3400, of the Philadelphia Code of Ordinances (Code). This section of the Code contains provisions of the Fire Code which are applicable to high-rise structures.

In February of 1987, the City filed an action in equity against Appellants to compel them to bring the structure into compliance with the Fire Code provisions. Numerous hearings were held between February of 1987 and April of 1988. The court repeatedly directed Appellants to complete all work required to bring the building into compliance with the Code provisions, and Appellants repeatedly assured the court that they would perform all work necessary to meet these requirements. On two occasions, July 29, 1987 and December 8, 1987, orders were issued by the Honorable Nelson A. Diaz instructing Appellants to install all fire safety features required by the Code. However, by April of 1988, Appellants had failed to comply with these orders.

On April 18, 1988, a hearing was conducted by the Hon. Nicholas D'Alessandro to determine what sanctions would be imposed for Appellants' failure to comply with the court's previous orders. As a result, on April 28, 1988, the court issued an order finding Appellants to be in civil contempt for past failure to comply with court orders, and imposing a fine of $10,000 as a penalty for that contempt.

The order of April 28, 1988 further provided, "This Order shall be entered by the Prothonotary as a Final Decree." [1]

Appellants' response was to file post-trial motions, which were denied in an order dated December 2, 1988. On December 27, 1988, Appellants filed a notice of appeal with the Superior Court. The case was transferred to this Court on February 10, 1989. The appeal charges that the trial court did not follow the procedural requirements necessary for an adjudication of civil contempt.

The City has filed a motion to quash on grounds that the appeal is untimely, frivolous, and being used as a tactic to delay payment of the imposed sanction. The City also requests that we require Appellants to reimburse the City for costs and attorneys' fees incurred in the prosecution of this matter.

Section 5571(b) of the Judicial Code provides in pertinent part:

> (b) Other courts.—Except as otherwise provided ... an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

42 Pa.C.S. § 5571(b).

Furthermore, Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 903(a) provides that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken.

In the present case, Appellants are appealing from a final order dated April 28, 1988, which was entered on the docket on May 2, 1988. Their notice of appeal was filed December 27, 1988, well beyond the thirty-day period following entry of the order.

Appellants assert that the trial court's order of December 2, 1988, denying their post-trial motion, acted to reaffirm

---

1. We note that, although this order was referred to by the trial court as a "Final Decree", the order of April 28, 1988 was actually a contempt order and not a decree in equity.

the order of April 28, 1988. Appellants also contend that the trial court erred in directing that its order of April 28, 1988, be entered as a final decree, because this would deny Appellants the opportunity to file motions for post-trial relief, in the form of exceptions to the decree, pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.C.P.) No. 227.1.

■ The Pennsylvania Supreme Court has long held that court proceedings subsequent to a final judgment or decree do not toll the running of the statutory time within which an appeal must be taken. *In re Hannas Estate* 367 Pa. 337, 80 A.2d 740 (1951). Filing "exceptions" to an appealable order or decree does not extend the time period. *Id; Kennedy & Carter Construction Company v. Barkley,* 321 Pa.Superior Ct. 348, 468 A.2d 513 (1983).

■ In the present case, Appellants filed post-trial motions to a final, appealable order which was entered on the docket. Nothing in the record indicates that Appellants ever requested or obtained from the trial court any type of order which effected a tolling of the thirty day appeal period that began when the order of April 28, 1988 was entered on the docket.[2] Accordingly, Appellants' appeal is untimely.

We have previously held that an appeal which is untimely must be quashed because Pa.R.A.P. 105(b) prohibits appellate courts from enlarging the time for filing a notice of appeal. *Kemmerer Appeal,* 46 Pa.Commonwealth Ct. 455, 405 A.2d 1108 (1979). The failure to timely file an appeal deprives an appellate court of jurisdiction to hear the appeal. *Szura v. Zoning Hearing Board of Wyoming Borough,* 40 Pa.Commonwealth Ct. 172, 397 A.2d 33 (1979). Therefore, the present appeal, being untimely filed, must be quashed.

■ Furthermore, we have considered the City's request for the award of costs and attorneys' fees in pursuing this

2. For a discussion of the question as to when the appeal period may be extended, *see Center Township v. Zoning Hearing Board of Center Township,* 104 Pa.Commonwealth Ct. 487, 522 A.2d 673 (1987).

matter, and we agree with its assessment of this appeal as being frivolous and without merit. It appears that this appeal was pursued merely to delay payment of the fine imposed as a contempt sanction.

This Court has authority, pursuant to Pa.R.A.P. 2744, to award costs and counsel fees to a litigant. *See also*, 42 Pa.C.S. § 2503(6), (7), and (9), relating to the right of participants in litigation to receive counsel fees.

We order that the present case be remanded to the trial court, and instruct the court to calculate a reasonable amount for counsel fees and costs, in accordance with Pa.R.A.P. 2744, to be awarded to the City of Philadelphia.

Appeal quashed; case remanded for calculation of costs and counsel fees to be awarded to the City of Philadelphia.

## ORDER

NOW, November 1, 1989, the appeal from the order of the Court of Common Pleas of Philadelphia County, dated April 28, 1988, is quashed and this matter is remanded to the trial court for calculation and imposition of reasonable costs and counsel fees pursuant to Pa.R.A.P. 2744.

Jurisdiction relinquished.