## CITY OF PHILADELPHIA

v.

### Steve A. FREMPONG, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2004.

Decided Jan. 4, 2005.

Steve Frempong, appellant, pro se.

Leonard F. Reuter, Philadelphia, for appellee.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

Steve A. Frempong (Frempong), representing himself, appeals orders of the Court of Common Pleas of Philadelphia County (trial court) granting a preliminary injunction to the City of Philadelphia (City), and denying Frempong's motion for reconsideration of the order granting the preliminary injunction. We quash.

Frempong is the owner of property located at 5539 Walton Street in Philadelphia (Subject Property) upon which a two-story residential building exists. In 2003, the Philadelphia Department of Licenses and Inspections (L & I) inspected the Subject Property and found several violations of the Philadelphia Property Maintenance Code (Code). L & I determined the residential building erected on the Subject Property was "imminently dangerous" within the meaning of the Code due to significant structural defects.

Thereafter, L & I issued two violation notices ordering Frempong to correct the defects or demolish the building. When Frempong did not respond, the City filed a complaint in equity with the trial court seeking injunctive relief. The City sought an order requiring any occupants to vacate the Subject Property and compelling Frempong to repair or demolish the offending building. In the event Frempong failed to comply, the City sought authorization to demolish the structure and place a lien against the Subject Property for costs associated with the demolition.

After a hearing, the trial court entered an order on February 18, 2004,[1] requiring Frempong to undertake one of three op-

---

1. Although the trial court's order is dated February 9, 2004, it was not entered on the docket until February 18, 2004, at which time notice of the order was given to the parties. Pursuant to Pa. R.A.P. 301(a): "No order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." *See also Gavula v. ARA Servs., Inc.*, 756 A.2d 17 (Pa.Super.2000) (before order of lower court becomes appealable, it must be entered on the docket). Thus, we consider the trial court's order granting the preliminary injunction to have been entered on February 18, 2004.

tions by March 24, 2004: correct the violations in accordance with the provisions of the Code; demolish the offending structure; or supply a report by a professional engineer certifying the structural integrity of the building. The trial court also imposed a conditional fine of $25,000.00, which it would make final at a future hearing if Frempong failed to comply. The trial court's order also scheduled a subsequent hearing to determine what, if any, sanctions would be imposed.

Thereafter, Frempong filed a "post-trial motion," which the trial court deemed a motion for reconsideration of its order granting the preliminary injunction.[2] The trial court denied Frempong's motion on March 3, 2004. Frempong filed a notice of appeal to this Court on March 22, 2004 challenging the grant of the preliminary injunction and the denial of his "post-trial motion."[3]

The trial court subsequently issued an opinion recommending this Court quash Frempong's appeal on the grounds the orders appealed were not final within the meaning of Pa. R.A.P. 341(b) (defining a final order as an order that disposes of all claims and all parties). The trial court stated its order granting the preliminary injunction did not dispose of all claims because it provided Frempong a choice of actions to take with respect to the Subject Property and set a future hearing date to revisit the property's status. The trial court further stated its order denying Frempong's motion for reconsideration was also not final within the meaning of Pa. R.A.P. 341(b).

Although not dispositive, it is noteworthy that after Frempong's appeal, the trial court held a hearing on the City's request for a permanent injunction. Following the hearing, the trial court entered a decree nisi granting a permanent injunction. Frempong filed post-trial motions, which the trial court denied. Frempong again appealed to this Court. *See* Dkt. No.1975 C.D.2004.

1.

On appeal, Frempong asserts the trial court erred in determining his appeal from the order granting the preliminary injunction was improper as from a non-final order. He contends Pa. R.A.P. 311(a)(4) expressly permits an interlocutory appeal as of right from an order granting a preliminary injunction. We agree.

Pennsylvania Rule of Appellate Procedure 311(a)(4) provides, in relevant part:

**(a) General Rule.** An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) from:

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions....

Pa. R.A.P. 311(a)(4). This Rule expressly permits an appeal as of right from an order regarding a preliminary injunction. *Chipman v. Avon Grove Sch. Dist.*, 841 A.2d 1098 (Pa.Cmwlth.), *petition for allowance of appeal denied,* —— Pa. ——, 862 A.2d 1257 (2004); *Nunemacher v. Borough of Middletown*, 759 A.2d 57 (Pa.Cmwlth. 2000). Because an order concerning a preliminary injunction is appealable as of

---

**2.** Frempong's motion is not in the certified record nor is it reproduced.

**3.** Effective July 1, 2004, the rules governing equity practice were abolished. *See* Supreme Court Order, 12/16/03, No. 402 Docket No. 5

(In re Consolidation of the Action in Equity with the Civil Action). Because all of the events here predate these changes, however, the changes are not applicable in the present case.

right, the trial court erred in determining Frempong could not appeal its order granting the preliminary injunction.

### 2.

■ Nevertheless, the City asserts Frempong's appeal from the order granting the preliminary injunction should be quashed as untimely. We agree.

■ The timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, even by the Court on its own motion, at any stage of the proceedings. *Reading Anthracite Co. v. Rich,* 525 Pa. 118, 577 A.2d 881 (1990). An untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operation. *McKeeta v. Duquesne Sch. Dist.,* 708 A.2d 1311 (Pa. Cmwlth.1998).

As authorized by 42 Pa.C.S. § 5571(a), Pennsylvania Rule of Appellate Procedure 903(a) prescribes the time for filing an appeal generally:

(a) **General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed *within 30 days* after the entry of the order from which the appeal is taken.

Pa. R.A.P. 903(a) (emphasis added). Further, Pennsylvania Rule of Appellate Procedure 105(b) expressly prohibits an appellate court from enlarging the time for filing a notice of appeal. It states:

An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, *but the court may not enlarge the time for filing a notice of appeal,* a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

Pa. R.A.P. 105(b) (emphasis added).

Here, the trial court's order granting the preliminary injunction was entered on February 18, 2004. Pursuant to Pa. R.A.P. 903(a), Frempong had 30 days to file a notice of appeal from this order. Frempong's notice of appeal to this Court, however, was not filed until March 22, 2004. As such, his appeal from the February 18 order granting the preliminary injunction is not timely. Frempong does not assert his untimely appeal was due to fraud or a breakdown in the court's operation. Therefore, his appeal from the order granting the preliminary injunction is not properly before us and must be quashed as untimely.

### 3.

■ Having determined Frempong's appeal of the order granting the preliminary injunction is untimely, we consider the effect of his appeal of the trial court's subsequent order denying his "post-trial motion."

■ Because an order entered pursuant to Pa. R.A.P. 311 is appealable as of right, post-trial motions are neither required nor permitted. *Kennedy & Carter Constr. Co., Inc. v. Barkley,* 321 Pa.Super. 348, 468 A.2d 513 (1983) (order opening judgment appealable as of right and filing of "exceptions" to such order would not extend original 30–day appeal period; accordingly, court quashed appeal). As such, Frempong's "post-trial motion" was improper, and did not stay the appeal period. *Johnson v. Johnson,* 357 Pa.Super. 248, 515 A.2d 960 (1986) (where there is no provision in the rules of civil procedure for filing post-trial motions it was improper to do so, and filing such motions did not extend time in which to appeal); 1 *Pennsylvania Appellate Practice,* 2d Ed. (G.

Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers, Kristen W. Brown) § 302:28 at 3–51 (2002) (improper filing of post-trial motion to immediately appealable order treated as motion for reconsideration which does not stay appeal period).[4] In addition, Frempong's subsequent appeal of the order denying his improperly filed post-trial motion was not appropriate. *See Ostrowski v. Pethick*, 404 Pa.Super. 392, 590 A.2d 1290 (1991) (since trial court's refusal to strike judgment is appealable order, there is no need to file post-trial motions and appeal cannot lie from denial of such motions).

### 4.

■ Moreover, if, as the trial court stated, Frempong's "post-trial motion" sought reconsideration of the trial court's order granting the preliminary injunction, Frempong's appeal of the order denying reconsideration is not reviewable on appeal. *See Commonwealth v. Rachau*, 670 A.2d 731 (Pa.Cmwlth.1996) (where Commonwealth sought to appeal a trial court order denying its motion for reconsideration, the Court dismissed the appeal as unreviewable); *Thorn v. Newman*, 113 Pa.Cmwlth. 642, 538 A.2d 105 (1988) (order denying reconsideration is not reviewable on appeal).

*Thorn* is instructive. There, the plaintiff, a discharged police officer, sued various borough officials. The defendants filed a motion for summary judgment, which the trial court granted. However, the trial court subsequently vacated its order. Rather than appealing the order vacating the summary judgment, the defendants sought reconsideration. After the trial court denied reconsideration, the defendants appealed the order denying reconsideration. Several months later, the defendants filed an "amended notice of appeal," stating they were appealing the order vacating the summary judgment. On appeal, this Court quashed the defendants' appeal of the order vacating summary judgment as untimely. In addition, we determined the defendants' appeal from the order denying reconsideration was not reviewable, stating:

> [Defendants have] appealed from the order denying [their] petition for reconsideration. Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. We will not permit [defendants] to do indirectly that which [they] cannot do directly.

*Id.* at 108 (quoting *Provident Nat'l Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893, 897 (1977)). We further stated,

> As the Superior Court noted in *Rooklin* and as the comment to Pa. R.A.P. 1701(b)(3) expressly states, a party seeking reconsideration of an appealable order may file a notice of appeal *as well as the application for reconsideration*, in view of the point that *the mere filing of an application for reconsideration has no effect on the running of the appeal period*. If the trial court denies the application (or fails to rule on it during the appeal period), then the notice of appeal will nevertheless be timely.

*Thorn*, 538 A.2d at 108 n. 4 (emphasis added).

Here, as in *Thorn*, the only order from which a timely appeal was taken was the trial court's order denying reconsideration.

---

**4.** The Pennsylvania Supreme Court has long held that proceedings ancillary to a final order do not toll the time period within which an appeal must be taken. *220 Partnership v.*

*City of Phila.*, 129 Pa.Cmwlth. 300, 565 A.2d 518 (1989) (citing *In Re Hanna's Estate*, 367 Pa. 337, 80 A.2d 740 (1951)).

Because that order is not reviewable, we cannot consider it. As such, Frempong's appeal from the denial of reconsideration must be quashed.

In short, this appeal involves either an untimely appeal of an appealable order issuing a preliminary injunction, an appeal following denial of an improperly filed post-trial motion or an attempted appeal of a non-appealable order denying reconsideration. By any description, the appeal is not properly before us and must be quashed.

### ORDER

AND NOW, this 4th day of January, 2005, this appeal relating to orders of the Court of Common Pleas of Philadelphia is **QUASHED.**

### CONCURRING OPINION BY Judge FRIEDMAN.

Although I agree with the result reached by the majority, I believe that, in citing *Chipman v. Avon Grove School District,* 841 A.2d 1098 (Pa.Cmwlth.2004), *appeal denied,* —— Pa. ——, 862 A.2d 1257 (2004), the majority has cited insufficient legal authority for the proposition that Pa. R.A.P. 311(a)(4) permits an appeal as of right from the grant of a preliminary injunction.

It is true that, in *Chipman,* (citing *Nunemacher v. Borough of Middletown,* 759 A.2d 57 (Pa.Cmwlth.2000)), this court stated that Pa. R.A.P. 311(a)(4) permits an appeal as of right from an order regarding a preliminary injunction. However, in *Nunemacher,* the case cited, this court never

addressed whether Pa. R.A.P. 311(a)(4) permitted an appeal as of right from an order regarding a preliminary injunction. Although that issue was raised by the parties, this court disposed of the entire matter after concluding that Nunemacher lacked standing.

Nevertheless, because I agree with the result reached by the majority, I concur.[1]

---

1. I note that, until our supreme court amended Pa. R.A.P. 311(a)(4) in 1996, this court differed in its interpretation of Pa. R.A.P. 311(a)(4) from our superior court. Our superior court had held in *Agra Enterprises, Inc. v. Brunozzi,* 302 Pa.Super. 166, 448 A.2d 579 (1982), that Pa. R.A.P. 311(a)(4) allowed an appeal as of right from a decree nisi in a permanent injunction case. However, this court rejected that interpretation in *Humphreys v. Cain,* 84 Pa.Cmwlth. 222, 474 A.2d 353 (1984), holding that Pa. R.A.P. 311(a)(4) applied *only* to preliminary injunctions. *See* "Note" to Pa. R.A.P. 311.