IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Brown, : :
: No. 554 C.D. 2015
Appellant : Submitted: November 20, 2015
:
v. :
:
Pennsylvania Department : :
of Corrections :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  January 5, 2016

David Brown appeals, *pro se*,[1] from the September 11, 2014, orders of the Court of Common Pleas of Philadelphia County (trial court) denying his amended petition for writ of habeas corpus (Habeas Petition) and his petition seeking the issuance of a rule to show cause (Show Cause Petition).[2]  Because this court lacks jurisdiction to consider Brown's untimely appeal, we quash the appeal.

Brown filed his Habeas Petition on July 17, 2014, and his Show Cause Petition on August 14, 2014.  On September 11, 2014, the trial court entered separate

---

[1] Brown did not file a petition for permission to appeal *nunc pro tunc* but rather included the words "*nunc pro tunc*" in his notice of appeal.

[2] In his notice of appeal, Brown did not specify which of the two September 11, 2014, orders he is challenging on appeal.  Based on the averments in his notice of appeal and the arguments in his brief, however, it appears that he is appealing from both orders.

orders denying both petitions. On October 1, 2014, Brown filed a motion for reconsideration of the order denying his Show Cause Petition, which the trial court denied by order entered October 21, 2014.[3] On November 5, 2014, Brown filed a *pro se* notice of appeal in the Pennsylvania Superior Court, which transferred the matter to this court for disposition.[4]

Brown was required to file his appeal within 30 days of the trial court's September 11, 2014, orders, or no later than October 13, 2014.[5] *See* Pa. R.A.P. 903(a) (stating that an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). However, Brown did not file his appeal until November 5, 2014. It is well settled that the filing of a motion for reconsideration does not toll the appeal period unless the trial court expressly grants reconsideration of its order. *See Barron v. City of Philadelphia*, 754 A.2d 738, 740-41 (Pa. Cmwlth. 2000). "The timeliness of an appeal is jurisdictional," and we must quash an

---

[3] Brown did not request reconsideration of the order denying his Habeas Petition. In his notice of appeal, Brown stated that he did not receive a copy of the order denying his Habeas Petition and was unaware of that order until he reviewed the trial court docketing statement. (Notice of Appeal, ¶¶ 3-4.)

[4] Brown's *pro se* notice of appeal was docketed on November 5, 2014, but is dated October 31, 2014. Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed on the date the prisoner gives it to prison officials or deposits it in the prison mailbox. *See Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008). Here, other than the date on the notice itself, the record contains no evidence establishing when Brown actually handed his notice of appeal to prison officials or placed it in the prison mailbox. However, even if Brown's appeal were deemed filed on October 31, 2014, under the prisoner mailbox rule, it would still be untimely.

[5] The thirtieth day was October 11, 2014, which was a Saturday, so Brown had until Monday, October 13, 2014, to file a timely appeal. *See* Pa. R.A.P. 107; Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1908.

untimely appeal "absent a showing of fraud or a breakdown in the court's operation." *City of Philadelphia v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005).

Here, Brown stated in his notice of appeal that he was unaware of the order denying his Habeas Petition until he reviewed the trial court docketing statement. This vague allegation is insufficient to establish fraud or a breakdown in the court's operation.[6] Moreover, although the trial court determined that the appeal was untimely in its Pa. R.A.P. 1925(a) opinion, Brown does not address the timeliness issue in his brief to this court. Because Brown's appeal was untimely and he fails to allege fraud or a court breakdown, we lack jurisdiction to consider the appeal. *See Frempong*, 865 A.2d at 317.

Accordingly, we quash Brown's appeal.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[6] We note that the trial court docket indicates that both orders were entered on September 11, 2014, and that the prothonotary provided notice of both orders to the parties pursuant to Pa. R.C.P. No. 236.

3

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Brown, : 
: No. 554 C.D. 2015
Appellant :
:
v. :
:
Pennsylvania Department :
of Corrections :

# O R D E R

AND NOW, this 5th day of January, 2016, we hereby quash David Brown's appeal from the September 11, 2014, orders of the Court of Common Pleas of Philadelphia County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge