# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller, : 
                           Appellant : 
                           : 
                     v. : No. 352 C.D. 2016
                           : Submitted: August 5, 2016
Clerk of Courts of the First Judicial : 
District of Pennsylvania; Prothonotary : 
of the First Judicial District of : 
Pennsylvania : 

**BEFORE:**      **HONORABLE RENÉE COHN JUBELIRER,** Judge
                        **HONORABLE ANNE E. COVEY,** Judge
                        **HONORABLE JULIA K. HEARTHWAY,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**            **FILED: October 18, 2016**

James D. Schneller (Appellant), proceeding pro se, appeals from the Orders issued on his cause of action filed in the Court of Common Pleas of Philadelphia County (common pleas) on July 24, 2015. The Orders at issue include an Order docketed on September 21, 2015, dismissing Appellant's Complaint for Writ of Mandamus (Complaint) as frivolous pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 240(j)(1);[1] an Order docketed on

---

[1] Rule 240(j)(1) provides:

*(Continued…)*

February 3, 2016, dismissing as moot Appellant's Motion to Amend Complaint or to Open Judgment to Amend the Complaint (Motion to Open) and Application for Reconsideration (First Reconsideration Motion); and a February 22, 2016 Order, dismissing Appellant's Application for Reconsideration of Order Denying Reconsideration and Denying Motion to Open and to Amend (Second Reconsideration Motion).

Appellant initiated the instant action by Complaint in common pleas against the Clerk of Courts and Prothonotary for the First Judicial District of Pennsylvania, offices currently held by a single person (Appellee). Appellant filed a Petition to Proceed In Forma Pauperis concurrent with the Complaint. According to the Complaint, Appellant and a co-petitioner filed a petition for review with common pleas on July 24, 2014, seeking review of a "decision[] by the District Attorney of the City of Philadelphia, regarding private criminal complaints filed by them." (Compl. ¶ 6, R.R. at 13a.) Common pleas entered an order on August 11, 2014, transferring the matter from its civil division to its criminal division. (Id. ¶ 7, R.R. at 13a.) Appellant alleges that, notwithstanding his efforts to encourage Appellee to act, the petition for review was never docketed in the criminal division. (Id. ¶¶ 8-9, R.R. at 13a.) Appellant subsequently filed a new, essentially identical, petition for review in the criminal division, which was allegedly also not docketed. (Id. ¶ 10, R.R. at 13a.) Appellant then attempted to file a motion to compel

---

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa. R.C.P. No. 240(j)(1).

compliance with the transfer order, but "[Appellee] . . . refused [Appellant]'s filing of [the] motion . . . for reason of lack of jurisdiction." (Id. ¶ 13, R.R. at 14a.) Appellant also "filed a motion to open judgment, asking relief of an order to the Clerk of Courts to complete the transfer of the case[,]" which was also rejected by Appellee. (Id. ¶ 14, R.R. at 14a.)

Appellant seeks "a writ of mandamus[] to the Clerk of Courts, directing said Clerk to promptly docket and create a record file for the proceedings transferred to the criminal side in this matter." (Compl., Wherefore Clause, R.R. at 15a.) In the alternative, Appellant seeks "a writ of mandamus . . . to the [P]rothonotary to allow filing of [Appellant]'s motion for an order directing compliance" with the August 11, 2014 transfer order. (Id., R.R. at 15a.)

Appellee filed Preliminary Objections (POs) to Appellant's Complaint on September 11, 2015. Without acting on Appellee's POs or waiting for a response from Appellant, common pleas, sua sponte, issued the September 21, 2015 Order, dismissing the case as frivolous pursuant to Rule "240(j)(1) because only the Supreme Court has jurisdiction to issue a Writ of Mandamus to a Court of Common Pleas."[2] (Common Pleas Op. (Op.) at 1.)

---

[2] A footnote to the September 21, 2015 Order states, in relevant part:

This Court lacks jurisdiction over Plaintiff's case. In this case, Plaintiff seeks a Writ of Mandamus directing the First Judicial District Clerk of Court, and/or the First Judicial District Prothonotary, to docket certain documents. See generally Complaint. The Commonwealth Court has held that a suit against a Commonwealth employee in his or her official capacity is actually a suit against the entity of which the person is an agent. Verrichia v. Commonwealth, 639 A.2d 957, 962 (Pa. C[mwlth.] 1994). Thus, Plaintiffs suit against the First Judicial District Clerk of Court, and/or the First Judicial District Prothonotary, is actually a suit against the First Judicial District. The First Judicial District is a court of the Unified Judicial System of Pennsylvania. 42 Pa. C.S. § 301. The Supreme Court

*(Continued…)*

3

After common pleas dismissed the Complaint, Appellant filed POs to Appellee's POs on October 3, 2015. Appellant then filed the Motion to Open on October 17, 2015, seeking an order opening his previously dismissed action so that he could amend the Complaint by changing the caption and adding a claim for damages. (Motion to Open ¶ 3, R.R. at 87a.) The Motion to Open alleges that common pleas' September 21, 2015 Order was improper as it was entered beyond the 20-day period required by Rule 240(c)(3) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 240(c)(3),[3] for ruling on petitions to proceed in forma pauperis, and was a surprise order. (Id. ¶¶ 9-10, 13, R.R. at 89a.) On October 20, 2015, Appellant filed the First Reconsideration Motion alleging, *inter alia*, that common pleas' September 21, 2015 Order, was null because it was entered beyond the 20-day requirement of Rule 240(c)(3), and that common pleas erred in concluding that the action was frivolous. (First Reconsideration Motion ¶¶ 4, 9, R.R. at 105a-06a.)

Common pleas denied Appellant's Motion to Open and First Reconsideration Motion as moot in the February 3, 2016 Order. (R.R. at 123a.) Appellant then filed the Second Reconsideration Motion on February 15, 2016, which common pleas denied on February 22, 2016. (R.R. at 140a.)

---

has original jurisdiction in all cases of mandamus to courts of inferior jurisdiction. 42 Pa. C.S. § 721. Accordingly, the Supreme Court has original jurisdiction over this matter.

(Order, Sept. 21, 2015, at n.2, R.R. at 60a.)

[3] Rule 240(c)(3) provides: "Except as provided by subdivision (j)(2), the court shall act promptly upon the petition and shall enter its order within twenty days from the date of the filing of the petition. If the petition is denied, in whole or in part, the court shall briefly state its reasons." Pa. R.C.P. No. 240(c)(3).

4

Appellant filed the Notice of Appeal on February 29, 2016, and common pleas filed an opinion on this appeal the same day. Therein, common pleas explained why the appeal to this Court is procedurally improper and should be quashed as follows:

> First, Plaintiff seeks to appeal this Court's February 3, 2016 and February 22, 2016 Orders denying his Motions for Reconsideration. An appeal cannot be taken from an order denying reconsideration; rather, the appeal must be taken from the order which resolved all issues as to all parties. See e.g.[,] Valentine v. Wroten, 580 A.2d 757, 758 (Pa. Super. 1990); see also Pa. R.A.P. 341. Since Plaintiff seeks appellate review of this Court's Orders denying his Motions for Reconsideration, Plaintiff's appeal is procedurally improper. Second, Plaintiff's appeal is not timely. The applicable rules of procedure provide the notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa. R.[A].P. 903(a). In this case, the September 21st Order was a final Order, and immediately appealable, because it disposed of all claims and all parties. See Pa. R.A.P. 341(b)(1). Therefore, Plaintiff was required to file his notice of appeal within 30 days of the September 21, 2015 Order. Plaintiff did not file his notice of appeal until February 29, 2016 – 161 days after the entry of the final Order.

(Op. at 2.)

On appeal,[4] Appellant argues that common pleas erred and abused its discretion by dismissing the Complaint as frivolous and in dismissing the Motion to Open as moot. Appellant further argues that the Motion to Open is an independent action, and an appeal from its resolution is appropriate and timely.[5]

---

[4] "Our scope of review is limited to determining whether constitutional rights have been violated, whether [common pleas] abused its discretion, or whether [common pleas] committed an error of law." Lichtman v. Glazer, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth.), petition for allowance of appeal denied, 125 A.3d 779 (Pa. 2015).

[5] We issued a per curiam order on March 22, 2016, directing the parties to "address the timeliness of the appeal of the order of September 21, 2015 in light of the timely filing of the motion for reconsideration."

After review, we agree with common pleas that Appellant's appeal of the September 21, 2015 Order is untimely and must be quashed. See City of Phila. v. Frempong, 865 A.2d 314, 317 (Pa. Cmwlth. 2005) ("An untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operation.") The September 21, 2015 Order, dismissing Appellant's Complaint as frivolous pursuant to Rule 240(j)(1), was a final order because it disposed of all of Appellant's claims before common pleas. See Rule 341(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 341(b)(1) (defining a final order as that which "disposes of all claims and of all parties."). Where an appeal is taken from a final order, the notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 903(a). However, here, Appellant filed his notice of appeal 131 days too late.

Appellant did file two motions for reconsideration. However, *filing* a motion for reconsideration does not stay the 30-day appeal period. Oak Tree Condo. Ass'n v. Greene, 133 A.3d 113, 116 (Pa. Cmwlth. 2016). A court of common pleas has the authority to modify or reconsider an order for 30 days after its entry. Rule 1701(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1701(b).[6] Thus, a court of common pleas must expressly grant a timely

---

[6] Rule 1701(b) provides:

**(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant

*(Continued…)*

6

filed motion for reconsideration in order for the appeal period to be stayed. Id.; Oak Tree Condo. Ass'n, 133 A.3d at 116. Common pleas did not expressly grant either the First or Second Reconsideration Motion, and instead, denied reconsideration. Thus, the 30-day appeal period within which Appellant had to file

supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized on application by the appellate court.

(6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

Pa. R.A.P. 1701(b).

7

his notice of appeal of the September 21, 2015 Order, dismissing his Complaint was not tolled, and, because his appeal was untimely, we must quash his appeal.[7]

To the extent Appellant wishes to appeal the Orders disposing of Appellant's First and Second Reconsideration Motions, these Orders are not appealable. It is well established that an appeal cannot be taken from a trial or appellate court's decision to deny reconsideration, but must be taken from the final order resolving all claims. See In re Estate of Merrick, 247 A.2d 786, 787 (Pa. 1968) ("The refusal of a court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal."); Oak Tree Condo. Ass'n, 133 A.3d at 118 (same). Thus, we cannot consider the appeal from the February 3, 2016 Order, to the extent that it denies reconsideration, or the appeal from the February 22, 2016 Order, denying reconsideration of the February 3, 2016 Order.

In addition to denying reconsideration, the February 3, 2016 Order, also denied Appellant's Motion to Open. Appellant argues that his appeal from the denial of his Motion to Open is separately appealable. However, the Motion to Open sought two alternative forms of relief: (1) an order granting Appellant leave to amend the Complaint pursuant to Rule 1033 of the Pennsylvania Rules of Civil Procedure,[8] Pa. R.C.P. No. 1033, if reconsideration is granted; or (2) an order

_____

[7] While post-trial motions do toll the appeal period when such a motion is required, there was no trial here and a post-trial motion was not required. See Oak Tree Condo. Ass'n, 133 A.3d at 116-17 (discussing the appeal periods in situations where post-trial motions are required and not required).

[8] Rule 1033 provides:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense.

*(Continued…)*

8

opening the September 21, 2015 Order, so that Appellant could amend the Complaint. However, the September 21, 2015 Order was a final order appealable as of right, and therefore, this post-decisional motion was "neither required *nor permitted*." Frempong, 865 A.2d at 317 (emphasis added). "Generally, the improper filing of . . . a post-trial motion to an order that is immediately appealable will be treated as a motion for reconsideration." G. Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice § 302:28 (West 2015). Because the Motion to Open was improperly filed, we will treat the Motion to Open as a motion for reconsideration, and like the First and Second Reconsideration Motions addressed above, we conclude that common pleas' denial of the Motion to Open is not appealable.

Although Appellant contends that the denial of the Motion to Open initiated a new 30-day appeal period, we find no support for Appellant's contention. While an interlocutory order that refuses to *open a judgment* is appealable as of right pursuant to Rule 311(a)(1) of the Pennsylvania Rules of Appellate Procedure,[9] Pa. R.A.P. 311(a)(1), the rule is inapplicable here because no judgment was entered against Appellant, and a final order was issued on September 21, 2015. Further, Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505, provides a court of common pleas with the authority to, in its discretion, modify or rescind an order within 30

---

> An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R.C.P. No. 1033.

[9] Rule 311(a)(1) addresses Interlocutory Appeals and provides that an appeal may be taken as of right from "[a]n order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief." Pa. R.A.P. 311(a)(1).

9

days of entry of the order. However, like a motion for reconsideration, no appeal can be taken from a court of common pleas' decision to not modify or rescind its order. Stockton v. Stockton, 698 A.2d 1334, 1337 (Pa. Super. 1997). Thus, Appellant's Motion to Open was a post-decisional motion akin to a motion for reconsideration and did not reset the 30-day appeal period. Oak Tree Condo. Ass'n., 133 A.3d at 116.

In sum, Appellant's appeal from common pleas' September 21, 2015 Order is untimely, and common pleas' denials of Appellant's requests for reconsideration set forth in the February 3, 2016 and February 22, 2016 Orders, are non-appealable. Accordingly, the appeal is quashed.[10]

_____

**RENÉE COHN JUBELIRER,** Judge

Judge Cosgrove did not participate in the decision in this case.

---

[10] Appellant filed a "Motion for Relief of a Writ of Mandamus to the Chester County Court Prothonotary" (Application for Relief) on October 6, 2016 ancillary to this appeal. Because we quash the appeal as untimely, this Court has no basis for exercising jurisdiction over Appellant's ancillary Application for Relief. We will, therefore, dismiss the Application for Relief.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller,                                      :
                          Appellant                      :
                                                         :
                    v.                                   :     No. 352 C.D. 2016
                                                         :
Clerk of Courts of the First Judicial                    :
District of Pennsylvania; Prothonotary                   :
of the First Judicial District of                        :
Pennsylvania                                             :

# O R D E R

**NOW**, October 18, 2016, James D. Schneller's (Appellant) appeal relating to the Orders of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is hereby **QUASHED**.

Appellant's "Motion for Relief of a Writ of Mandamus to the Chester County Court Prothonotary" is **DISMISSED**.

_____
**RENÉE COHN JUBELIRER,** Judge