# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kareem Mazyck,  :
                    Appellant  :
                              :  No. 880 C.D. 2022
          v.                  :
                              :  Submitted:  August 8, 2025
C/O N. Harris  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MATTHEW S. WOLF, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED:  September 9, 2025**


Kareem Mazyck (Appellant) appeals from an order issued by the Court of Common Pleas of Fayette County (trial court) on July 7, 2022, which denied Appellant's *in forma pauperis* status and dismissed his civil complaint pursuant to 42 Pa.C.S. § 6602(e)(2).[1]  After careful review, we quash Appellant's appeal as untimely.

---

[1] 42 Pa.C.S. § 6602(e)(2) provides:

**(e) Dismissal of litigation.**--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

. . . .

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

# I. BACKGROUND[2]

Appellant is an inmate at the State Correctional Institution at Fayette (SCI-Fayette). In June 2022, Appellant filed an action against a correctional officer at SCI-Fayette, asserting sexual harassment/harassment, intentional infliction of emotional distress, negligence, and assumpsit. In his complaint, Appellant alleges that a correctional officer directed several sexual, verbal remarks and threats towards him, and that despite filing grievances with the Department of Corrections, he received only adverse responses. He also asserts that he was issued a fabricated misconduct report, which led to his placement in disciplinary housing. The resulting humiliation and injury to his reputation, Appellant contends, caused him severe emotional distress, such that he required medication to cope. Appellant seeks a temporary restraining order, immediate transfer to a different facility, $15,000 in compensatory damages, and $16,000 in punitive damages.

On July 7, 2022, the trial court dismissed Appellant's complaint pursuant to 42 Pa.C.S. § 6602(e)(2) and denied his application to proceed *in forma pauperis*. The trial court concluded that sovereign immunity barred Appellant's claims for sexual harassment and intentional infliction of emotional distress, as these claims are not based in negligence. As for the other claims, the trial court found that Appellant failed to state claims upon which relief could be granted. On July 21, 2022, Appellant filed a motion for reconsideration, to which the trial court did not respond. *See* Mot. for Recons., 7/21/22.

On August 15, 2022, Appellant appealed to this Court. *See* Notice of Appeal, 8/15/22. On August 26, 2022, the trial court ordered and directed Appellant to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule

---

[2] We derive this background from the trial court's order, which is supported by the record. *See* Trial Ct. Order, 7/7/22.

of Appellate Procedure 1925(b) (1925(b) Statement). *See* Trial Ct. Order, 8/26/22. Petitioner timely filed his statement on September 14, 2022. *See* 1925(b) Statement, 9/14/22. On September 26, 2022, the trial court issued a responsive statement. *See* Trial Ct. Statement in Lieu of Op., 9/26/22. On October 7, 2022, upon reviewing the record, this Court issued an order directing the parties to address in their principal briefs whether this appeal is untimely. *See* Cmwlth. Ct. Order, 10/7/22.

## II. ISSUES

Appellant presents four issues for our review. First, Appellant asserts that the trial court erred in finding that sovereign immunity applied to Appellant's claim of sexual harassment. *See* Appellant's Br. at 7-8. Second, Appellant contends that the trial court violated his due process rights when it failed to serve him with a protection from abuse order. *See* Appellant's Br. at 9. Third, Appellant asserts that the trial court abused its discretion in failing to rule on his assumpsit claim. *See* Appellant's Br. at 10-11. Lastly, Appellant asserts that his appeal is timely filed pursuant to the prisoner mailbox rule. *See* Appellant's Br. at 12. According to Appellant, another inmate deposited his notice of appeal in the mail on September 19, 2022, and a supporting affidavit from that inmate establishes the filing date. *See id.*, Ex. Affidavit (Affidavit of Ronnie E. Johnson).

## III. DISCUSSION[3]

We first address the timeliness of Appellant's appeal, as this is a threshold matter that goes to this Court's jurisdiction. *See Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021).

---

[3] This Court's review of a trial court decision is limited to whether the trial court abused its discretion, committed an error of law, or whether constitutional rights were violated. *Long v. Thomas*, 619 A.2d 394, 396 (Pa. Cmwlth. 1992), *appeal denied*, 631 A.2d 1012 (Pa. 1993).

Rule 903 of the Pennsylvania Rules of Appellate Procedure provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." This Court must quash an untimely appeal absent a showing of fraud or a breakdown in the court's operation. *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005).

Because Appellant is a *pro se* prisoner, the prisoner mailbox rule applies. *See Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014); *Com. v. Jones*, 700 A.2d 423 (Pa. 1997); *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278 (Pa. 1996). Under the prisoner mailbox rule, a prisoner's *pro se* appeal or other legal document is deemed filed when given to prison officials or deposited in the prison mailbox, regardless of the date the filing reaches the court. *See Kittrell*, 88 A.3d at 1097; *Jones*, 700 A.2d at 426; *Smith*, 683 A.2d at 281-82.

In order to benefit from the rule, the inmate bears the burden of proving that he timely deposited his filing in the prison mailbox or with prison officials. *Kittrell*, 88 A.3d at 1097. Our Supreme Court has recognized several ways in which an inmate can meet this burden. *See Jones*, 700 A.2d at 426; *Smith*, 683 A.2d at 281-82. For example, a United States Postal Service Form 3817 (Certificate of Mailing) constitutes proof of the date of mailing. *See Jones*, 700 A.2d at 426; *Kittrell*, 88 A.3d at 1097. Additionally, a prison-issued cash slip reflecting a postal charge and the date of mailing, as well as an affidavit attesting to the date of deposit with prison officials may be sufficient evidence. *See Jones*, 700 A.2d at 426; *Kittrell*, 88 A.3d at 1097. We may also consider (1) institutional mailroom procedures in both prisons and this Court, (2) existing delivery routes, and (3) the date the prothonotary receives the appeal to infer the last possible filing date. *See Jones*, 700 A.2d at 426 (citing *Miller v. Unemployment Comp. Bd. of Rev.*, 476 A.2d

4

364 (Pa. 1984)). "Proof is not limited to the above examples, and we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." *Jones*, 700 A.2d at 426.

Here, Appellant asserts that he timely filed his appeal on September 19, 2022, in accordance with the prisoner mailbox rule. *See* Appellant's Br. at 12. In support of this assertion, Appellant has offered an affidavit from another inmate who, it appears, certifies that he filed Appellant's appeal on behalf of Appellant on either September 19, 2022, or September 20, 2022. *See* Affidavit of Ronnie E. Johnson. However, the last day to timely file an appeal from the July 7, 2022 trial court order was August 8, 2022.[4] *See* Pa.R.A.P. 903. Thus, even if we credited this evidence, it would not establish that Appellant timely filed his appeal. *See id.*

Appellant has offered no reasonably verifiable evidence that he timely filed his appeal, nor has he asserted any fraud or breakdown in the system.[5] Therefore, we conclude that Appellant has failed to prove that he timely filed an appeal, and we are constrained to treat the appeal as filed on August 15, 2022, the date the trial court received Appellant's appeal. *See Kittrell,* 88 A.3d at 1097; *Jones*, 700 A.2d at 426. Accordingly, we quash Appellant's appeal as untimely. *See City of Phila.*, 865 A.2d at 317.

**LORI A. DUMAS, Judge**

---

[4] When the last day of a filing period falls on a weekend or holiday, that weekend or holiday is omitted from the calculation. *See* 1 Pa.C.S. § 1908. Thirty days from July 7, 2022, was Saturday, August 6, 2022. Thus, the deadline to timely file from the trial court's order was Monday, August 8, 2022.

[5] We note that Appellant self-dated his notice of appeal on August 7, 2022, but has never asserted that he provided the appeal to prison authorities or deposited the appeal in a prison mailbox on that date. *See generally* Appellant's Br. Additionally, accompanying his notice of appeal, the record contains an envelope addressed to this Court from the prothonotary of Fayette County, bearing a postage stamp dated August 15, 2022. *See* Notice of Appeal, 8/15/22.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kareem Mazyck,                :
           Appellant      :
                          :    No. 880 C.D. 2022
          v.              :
                          :
C/O N. Harris               :

# **O R D E R**

AND NOW, this 9th day of September, 2025, the appeal of Kareem Mazyck from the order issued by the Court of Common Pleas of Fayette County on July 7, 2022, is QUASHED.

<br>

**LORI A. DUMAS, Judge**