# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gulzar Hussain,                   :
           Petitioner     :
                   :   No. 848 C.D. 2024
      v.               :
                   :   Submitted: November 6, 2025
Unemployment Compensation  :
Board of Review,         :
           Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                    **FILED: December 15, 2025**

Gulzar Hassain (Claimant), *pro se* petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision to dismiss Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (UC Law), 43 P.S. § 821(e).[1] Claimant also untimely petitioned this Court for review. Because we discern no fraud, breakdown in court operations, or other non-negligent circumstances excusing this untimely appeal, we quash Claimant's petition for lack of jurisdiction.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Effective July 24, 2021, Section 501(e) was amended to increase the time to file an appeal from 15 days to 21 days.

# I. BACKGROUND[2]

Claimant worked as a limousine driver for Uber Technologies, Inc. from August 8, 2014, until March 14, 2020. *See* Emp. History, Certified R. (C.R.) at 3. Claimant applied for pandemic unemployment assistance (PUA) benefits on January 17, 2021. *See* Notes of Testimony (N.T.), 2/8/23, at 3. Claimant selected email as his preferred method for receiving notifications regarding his application. *See* Appl., C.R. at 9.

On April 30, 2021, the Pennsylvania Department of Labor & Industry (Department), Office of Unemployment Compensation Benefits issued a redetermination notification informing Claimant of his eligibility to receive a weekly PUA benefit of $195. *See* PUA Monetary Redetermination, 4/30/21. The notice indicated that Claimant had until May 15, 2021, to appeal the redetermination.[3] *See id.* Claimant did not file an appeal until May 13, 2022.

On February 8, 2023, a hearing was held before a referee regarding the timeliness of Claimant's appeal. Claimant testified that he did not see the notice prior to May 13, 2022, and conceded that he forgets to regularly check his email. *See* N.T. at 3. Following the hearing, the referee dismissed Claimant's appeal as untimely, pursuant to Section 501(e) of the UC Law. Claimant timely appealed, and, on January 9, 2024, the Board affirmed the referee and dismissed Claimant's appeal. The Board's decision indicated that Claimant could file an appeal with this Court within 30 days.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which affirmed the referee and is supported by substantial evidence of record. *See* Bd.'s Dec., 1/9/24; Ref.'s Dec., 2/13/23.

[3] On June 21, 2021, the Department also notified Claimant of an overpayment (overpayment notice). *See* Ref's Dec., 2/13/23. Copies of the redetermination notice and overpayment notice were mailed to Claimant and were not returned by the postal authorities as undeliverable. *See id.*

On May 28, 2024, Claimant *pro se* submitted a copy of the Board's decision to this Court implying his intention to appeal, which he later perfected by filing a petition for review.[4]

## II. ISSUES

Claimant does not address his untimely appeal with this Court but rather argues that an administrative breakdown in the Department's notification system contributed to the untimeliness of his underlying appeal. *See generally* Pet'r's Br.

In response, the Board argues that Claimant's appeal is untimely and must be dismissed because this Court lacks jurisdiction to hear it. *See* Resp't's Br. at 5-6. Alternatively, the Board contends that this Court should dismiss Claimant's appeal pursuant to Section 501(e) of the UC Law because Claimant did not establish good cause for his late appeal of the redetermination notice and failed to offer proof of an administrative breakdown in the transmission of notifications. *Id.* at 6-10.

## III. DISCUSSION[5]

In order to appeal a quasi-judicial order, such as an order of the Board, a party must file a petition for review in this Court within 30 days after entry of the order. *See* 42 Pa.C.S. § 5571(b); Pa.R.A.P. 1512(a)(1). "The failure to timely appeal an administrative agency action is a jurisdictional defect." *Radhames v. Tax Rev. Bd.*, 994 A.2d 1170, 1175 (Pa. Cmwlth. 2010). This Court may not enlarge the time for filing a petition for review. *See* Pa.R.A.P. 105(b). Untimely appeals will be

---

[4] The Court preserved May 28, 2024, as the date of Claimant's appeal. *See* Cmwlth. Ct. Notice, 6/14/24.

[5] Our standard of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *See Smith v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 615, 619 n.6 (Pa. Cmwlth. 2021). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *See Pierce-Boyce v. Unemployment Comp. Bd. of Rev.,* 289 A.3d 130, 136 (Pa. Cmwlth. 2022).

quashed by this Court for lack of jurisdiction. *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005). A *nunc pro tunc* appeal is only warranted upon a showing of extraordinary circumstances involving fraud, an administrative breakdown in the court's procedures, or non-negligent conduct of the claimant or a third party. *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021); *see also Duhigg v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1, 4 (Pa. Cmwlth. 2017) (placing the burden to demonstrate extraordinary circumstances on the petitioner).

Here, the Board issued a decision on January 9, 2024, and Claimant did not appeal this decision until May 28, 2024, more than four months later. Thus, Claimant's appeal is patently untimely. *See* Pa.R.A.P. 1512(a)(1). Further, Claimant has not offered any explanation for his untimely appeal. *See generally* Pet'r's Br. Thus, Claimant has failed to demonstrate an administrative breakdown, fraud, or other non-negligent circumstances that would warrant *nunc pro tunc* relief. Accordingly, we are constrained to quash Claimant's untimely appeal for lack of jurisdiction.[6] *See Frempong*, 865 A.2d at 317.

**LORI A. DUMAS, Judge**

---

[6] Given our disposition, we decline to address the Board's alternative argument to dismiss Claimant's appeal under Section 501(e) of the UC Law.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gulzar Hussain, : 
               Petitioner : 
                :   No. 848 C.D. 2024
           v. : 
                : 
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

## **O R D E R**

AND NOW, this 15th day of December, 2025, Gulzar Hussain's petition for review of the decision of the Unemployment Compensation Board of Review, entered January 9, 2024, is QUASHED for lack of jurisdiction.

 

**LORI A. DUMAS, Judge**